[No. 6180. Decided January 28, 1907.]

JOHN HUNNER et al., Respondents, v. G. P. MULCAHY, Appellant.[1]

MINES AND MINING—ASSIGNMENT OF OPTION—WANT OF CONSIDERATION. The sale of an option upon mining property cannot be said to be without consideration from the fact that the option did not contain a sufficient description of the property and had expired by its own limitation, where the defects appeared on the face of the instrument and no fraud or deceit was practiced.

APPEAL—REVIEW—HARMLESS ERROR. The admission of objectionable evidence on a trial before the court is not a reversible error where it would not have changed the result.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 21, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Barnes & Latimer*, for appellant.
*Hamblen, Lund & Gilbert*, for respondents.

PER CURIAM.—The respondents sued the appellant to recover the sum of three hundred dollars alleged to be due as

[1]Reported in 88 Pac. 521.

the purchase price of an option which the respondents had taken upon certain mining claims, situated in the state of Idaho, and had assigned to the appellant. The cause was tried in the court below without the intervention of a jury. That court found the facts in favor of the respondents, and made conclusions of law and entered judgment accordingly.

The fact in dispute was concerning the nature of the obligation assumed by the appellant. The respondents contended that the assignment was absolute and that the purchase price became due immediately upon its execution, while the appellant contended that he took the assignment as a promoter only, with the understanding that he was not obligated to pay anything for the option unless he was able to resell it, or organize a company to take over the mining property.

On the question of fact, while there was a sharp conflict in the evidence, we think its weight is with the respondents. The respondents' version is not only supported by the greater number of witnesses, but it is more consonant with the undisputed facts than is the version given by the appellant. And as the trial judge, who had the witnesses before him, took that view of the matter we are contented to let the finding stand.

It is urged, however, that the option contract assigned to the appellant was a nullity because it did not contain a sufficient description of the mining property, and had expired by its own limitation at the time of the assignment, and for these reasons there was no consideration for the promise to pay. But these were defects appearing on the face of the instrument observable to the appellant at the time he made the purchase, and in the absence of some showing of fraud or deceit he must be held to have contracted with reference to them. If he purchased the option knowing these conditions and agreed to pay the agreed consideration on the chance of its proving valuable, it is not a failure of consideration in a legal sense that his expectations were not realized.

Many errors are assigned on the rulings of the court in admitting and excluding evidence, but we do not find that they call for special consideration. The evidence rejected was plainly without the issues, and that admitted thought to be objectionable would not change the result of the action had it all been excluded.   The judgment appealed from is affirmed.