[No. 12082.   *En Banc.*   November 17, 1915.]

CHEUSA PAICH, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

JUDGMENTS—NON OBSTANTE—MATTERS CONCLUDED—DENIAL OF NEW TRIAL. Where the court heard and determined together defendant's motion for judgment *non obstante* and for a new trial, both being based upon the same grounds, the denial of the motion for a new trial and the granting of motion for judgment *non obstante* is not a disposition of the motion for a new trial on its merits; but merely to clear the record in view of the judgment entered.

APPEAL — RECORD — EXCEPTION TO ORDERS — NECESSITY. An order denying a motion for a new trial is a "written order" within Rem. & Bal. Code, § 382, to which no exception need be entered.

APPEAL—PARTIES ENTITLED—"AGGRIEVED" PARTY—REVIEW—ORDERS FAVORABLE TO RESPONDENT. Where defendant's motion for judgment *non obstante* was granted, it was not "aggrieved" by the judgment, and need not appeal from an order denying its motion for a new trial, in order to protect its rights thereunder, on appeal by plaintiff.

APPEAL—DECISIONS APPEALABLE—FINAL ORDERS. An order denying a motion for a new trial, prior to entry of judgment, is not appealable as a final order or as one affecting substantial rights, under Rem. & Bal. Code, § 1716.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 4, 1913, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee engaged in railroad construction work. Reversed.

[1]Reported in 152 Pac. 719.

*Jay C. Allen* and *J. H. Allen,* for appellant.

*C. H. Winders,* for respondent.

## Upon Petition for Modification.

Parker, J.—Counsel for appellant have filed a petition seeking modification of our decision rendered upon rehearing in this case (86 Wash. 379, 150 Pac. 814), wherein we reversed the judgment notwithstanding the verdict rendered in respondent's favor, vacated the order denying respondent's motion for new trial, and remanding the cause to the superior court for further proceedings. Counsel complain of our vacation of the order denying respondent's motion for new trial, insisting that the motion for new trial was heard and disposed of by the superior court upon the merits, and that its denial should not now be disturbed. It is insisted that our statement of the circumstances under which the motion for new trial was heard and disposed of is not a correct interpretation of the record. Nevertheless, we think the facts, as shown by the record, call for the conclusion reached by us.

It is plain that the motions for judgment notwithstanding the verdict and for a new trial were filed on the same day, the latter being made, as recited therein, "without waiving its motion for judgment notwithstanding the verdict;" that they were submitted to the court and taken under advisement at the same time; and that they were disposed of by the court at the same time, as evinced by an entry in the court's minutes of June 21, 1913, reading as follows: "Motion for judgment *non obstante veredicto* and motion for new trial are taken under advisement;" and also by an entry in the court's minutes of October 2, 1913, reading as follows: "Defendant's motion for new trial is denied. Defendant's motion for judgment notwithstanding verdict, is granted." Separate formal judgment and order were accordingly thereafter signed by the judge on October 4, 1913.

Now it seems to us that the rendering of the judgment notwithstanding the verdict, in respondent's favor, must of necessity have rested upon the ground, in the trial judge's mind, that respondent was entitled to relief from the effect of the jury's verdict returned against it, at least to the extent of the granting of a new trial. In other words, the reasons for the judgment notwithstanding the verdict, if sound, were also such as to at least call for a new trial; though, of course, that was then unnecessary in view of the rendering of such a judgment, as long as that judgment remained unreversed. Viewed in this aspect, the order denying the motion for new trial was inconsistent with the judgment. So, as said in our opinion upon rehearing, the order was apparently made merely for the purpose of clearing the record of the motion; though this was wholly unnecessary at the time, in view of the judgment then rendered. Upon the whole record, it seems quite plain to us that the learned trial judge, while probably hearing arguments upon the merits of the motion for new trial as well as upon the motion for judgment notwithstanding the verdict, they being heard and submitted together, did not dispose of that motion upon its merits.

It is suggested that, since counsel for respondent took no exception to the denial of its motion for new trial and did not appeal, they should not now be permitted to question the conclusiveness of the order denying it. The answer to this suggestion is: First, that was not such an order or ruling as required any exception to be taken to it by the party against whom it was rendered in order to permit the challenging of it thereafter, since it was evidenced by a "written . . . order" of the court. Rem. & Bal. Code, § 382 (P. C. 81 § 671). Second, counsel for respondent had no occasion to appeal, since there was a final judgment rendered in its favor by the court upon the merits of the cause. Clearly, respondent was not "aggrieved" by the final judgment rendered in the case, since it afforded respondent all relief it asked and that could

possibly have been granted to it in the cause; and not being so aggrieved, respondent was not required to appeal to protect its rights. Manifestly, respondent could not appeal from the order denying its motion for new trial had it had any occasion to challenge that order, since such order was not a final disposition of the cause, nor was it within any of the exceptions. allowing appeals from orders other than final orders. Rem. & Bal. Code, § 1716 (P. C. 81 § 1183); *Marsh v. Degeler*, 3 Wash. 71, 27 Pac. 1073; *Wilson v. McGillivray*, 58 Wash. 291, 108 Pac. 620; *Gilliland v. German-American State Bank*, 59 Wash. 292, 109 Pac. 1020.

Finding the order in the record denying respondent's motion for new trial made under these circumstances, we adhere to our conclusion that it should be set aside, to the end that the trial court may have an opportunity to dispose of it upon the merits. The petition for modification of our decision upon rehearing is denied.

MORRIS, C. J., MOUNT, MAIN, CHADWICK, HOLCOMB, FULLERTON, and ELLIS, JJ., concur.