[No. 21564. Department Two. May 1, 1929.]

JAMES T. KELLEY *et al.*, *Respondents*, v. SARAH COHEN, *as Executrix, Appellant.*[1]

*J. A. Kalina* and *T. M. Royce,* for appellant.
*Wright, Froude, Allen & Hilen,* for respondents.

FRENCH, J.—Respondents owned certain property located at the southeast corner of Sixth avenue and Pine street in the city of Seattle, Washington, and in July, 1926, the respondents leased this property to James K. McDowell for ninety-nine years. Mr. McDowell as-

[1]Reported in 277 Pac. 74.

signed his lease to the Queen City Building Company, which he owned, controlled and managed. One Samuel Cohen had, for several years, been a tenant occupying a store room in the building located on this property. Mr. Cohen had paid his rent, either to respondents or to the Queen City Building Company, for all the time of his occupancy of the store room, except for the months of January, February and March, 1927. During the month of March, 1927, the Queen City Building Company surrendered its lease to respondents, and also assigned to the respondents the rentals due from Samuel Cohen. Thereafter Samuel Cohen vacated the premises and removed certain fixtures therefrom, and this action was commenced to recover the back rentals and to recover damages for the depreciation of the building caused by the removal of such fixtures. Pending the hearing of the case, Mr. Cohen died, and his executrix, Sarah Cohen, was substituted as party defendant.

Appellant's defense was that, in December, 1926, Samuel Cohen, deceased, paid a lump sum to the company under an agreement whereby he was to be allowed to remain in the premises without further rent until the company should tear down the building. She also denied that the fixtures removed were the property of respondents, or that any damage had been done to the building in the removal thereof.

The case was tried before the court, with a jury, and this appeal follows from a judgment entered on the jury's verdict.

The first three assignments of error made by appellant relate to the court's instructions. Rule VI adopted by this court on January 14, 1927, reads as follows:

"Exceptions to a charge to a jury, or to a refusal to give as a part of the charge instructions requested in

writing, may be taken in the absence of the jury by any party at the conclusion of the charge and before reception of the verdict. Such exceptions may be either oral or in writing, and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, and shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." Rem. 1927 Sup., § 308-6.

Defendant's exceptions are entirely general in their nature, and do not, in any way, specifically point out to the court the matters concerning which complaint is now made. None of the exceptions taken to any of the instructions given sufficiently comply with Rule VI to permit this court to review the error claimed. Appellant's claim of error as to these instructions is highly technical, and such objections must, under the above quoted rule, be specifically pointed out to the trial court.

Objection is also made to the failure of the court to instruct the jury as follows:

"You are instructed that, in determining the value of the use of the premises occupied by the said deceased, Samuel Cohen, during January, February, and March, 1927, mentioned in the complaint herein, you have the right to take into consideration the nature of the occupancy of such premises, and the extent of the permanency of such occupancy by said Samuel Cohen, and the condition and state of repair of the said property and the surrounding property."

This instruction calls attention to the condition and state of repair of the property in question and the surrounding property, the permanency of the occupation of the particular premises, and the nature of the occupancy. There is very slight, if any, evidence concerning the condition or state of repair of these and the surrounding premises. There was no dispute as to the

permanency of the occupancy. Every witness who testified conceded that it was the intention of the parties to tear down the building, and that the occupancy was necessarily temporary in its nature. The nature of the occupancy of the premises can have no relation to the rental value. It can make no difference in the rental value as to whether or not the store room was used for a dry goods store, a restaurant or a pool hall. The court properly refused the instruction as not being a correct statement of the law, and it was not necessary for the trial court to separate the possible good from the bad. *Hanson v. Sandvik,* 128 Wash. 60, 222 Pac. 205.

In any event the only exception taken to the refusal of the court to give the requested instruction was general in its nature, and no place specified the question of law which appellant wished covered, and in no manner complied with Rule VI above quoted.

The other matters complained of relate to the credibility and weight to be given certain testimony; but this was solely a matter for the jury. A careful reading of the very short statement of facts in this case establishes the fact that this is preeminently a jury case containing practically nothing but disputed questions of fact. The trial court and this court are bound by the verdict of the jury.

Judgment affirmed.

MITCHELL, C. J., MILLARD, PARKER, and MAIN, JJ., concur.