DAVE PARTON, *Appellant,* v. ROBERT BARR *et al.,*
*Respondents.*[1]

*W. H. Sibbald,* for appellant.

*Edgar P. Reid* and *Whittemore & Truscott,* for respondents.

MITCHELL, J.—This action arises out of an automobile collision on the Pacific highway. The action was tried to a jury, which returned a verdict for the defendant. The plaintiff has appealed from a judgment on the verdict.

Appellant makes no formal assignments of error. In his brief, he says that: "The errors relied on are embodied in the instructions." Other than instruction No. 16-A, we are not at liberty to consider them, because, as appears from the record, no excep-

[1]Reported in 24 P. (2d) 1070.

tions were taken to them in the manner and time required by Rule of Practice VI, Rem. Rev. Stat., § 308-6.

It may be said, however, that, in our opinion, the objections urged against the instructions are not well founded, if it should be assumed that the questions with reference to them are properly before us.

Nor are we permitted to consider the question raised with reference to instruction No. 16-A, because, while exceptions to it were taken in time, that is, after the jury retired and before reception of the verdict, nevertheless the exceptions were not "sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." Rule of Practice VI, Rem. Rev. Stat., § 308-6. The exceptions to the instruction were, "that it is not a correct statement of law, and that the instruction is confusing to the jury." Such exceptions are fatally defective. *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035; *Helf v. Hansen & Keller Truck Co.,* 167 Wash. 206, 9 P. (2d) 110; *Gattavara v. General Insurance Co.,* 166 Wash. 691, 8 P. (2d) 421; *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921; *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74.

It is further argued that the court erred in denying a motion for a new trial on the ground that the evidence was insufficient to justify the verdict. In essential particulars, the evidence was substantially conflicting. The granting or refusal of a new trial under such circumstances is within the discretion of the trial court, which, as we view the record, was in no sense abused in this action.

Judgment affirmed.

BEALS, C. J., HOLCOMB, MILLARD, and BLAKE, JJ., concur.