[No. 24817. Department Two. April 4, 1934.]

THOMAS HARRY et al., Respondents, v. J. FRANK BEATTY, Appellant.[1]

*Pearson & Potts,* for appellant.
*Bundy & Swale,* for respondents.

HOLCOMB, J.—This is an appeal from an order denying a motion for judgment *non obstante veredicto* and from a judgment of twelve hundred dollars arising out of an automobile collision at the intersection of

[1]Reported in 31 P. (2d) 97.

154

West 52nd street and 11th avenue northwest, in Seattle. It occurred at 10:30 a. m. on May 10, 1932.

West 52nd street runs east and west, and 11th avenue northwest runs north and south. The automobile of respondents, driven by Thomas Harry, who will henceforth be mentioned as if the only respondent, whose wife was sitting on the front seat with him, was traveling southerly on 11th avenue northwest, and appellant's car, driven by himself, was traveling westerly on West 52nd street. The evidence indicates that the intersection of these two streets is what is designated in the statute, Rem. Rev. Stat., § 6362-3, as an obstructed intersection.

Respondent was traveling at a speed he testified was between fifteen and twenty miles per hour, and not over twenty miles. There was evidence on behalf of respondent to the effect that appellant was traveling at a greatly excessive and unlawful rate of speed. Several witnesses who saw his progress from the side lines and were thus in a fair position to estimate his speed, estimated it at from fifty to sixty miles per hour. While so traveling, he struck respondents' car on their left, as they neared the center of the intersection, with such force that it was raised into the air and thrust over to the curb at the southeast corner of the intersection. Appellant's car skidded a distance of 60½ feet, leaving a deep mark of burnt rubber which remained on the pavement for eighteen months.

Although there is much argument and assertion to the contrary, there was competent evidence that respondent had kept his car in excellent condition, had had the brakes relined about two months before, and they were also in excellent condition. Respondent testified positively that he was on his own right-hand side of the street when he entered the intersection.

One witness called by respondent, in marking the place on a map where respondent's car was struck, got the mark a little to the left of the center of the intersection, for which reason appellant asserts that respondent was not where he should have been on entering the intersection and when struck.

The distance from the center of the intersection to the middle point of the house, which was on the right of respondent as he approached the intersection, was 72½ feet. If respondent looked to the left from that point and if he was traveling twenty miles per hour, although he testified he was traveling fifteen to twenty miles, and if appellant was driving at fifty miles per hour, giving him the benefit of the minimum estimate of any of the witnesses, his car was nearly two hundred feet from the center of the intersection when respondent approached it. Hence, had respondent at that time actually observed appellant approaching on his left a distance of nearly two hundred feet, he, being the favored driver, was entitled to act under the assumption that appellant would reduce his speed and yield him the right of way in proceeding across the intersection as he did. *Pearson v. Adams Company,* 154 Wash. 630, 283 Pac. 194.

The force of the collision also hurled Mrs. Harry, who weighed 192 pounds, out of the car a distance of ten or twelve feet. She was severely injured, and respondent's car was demolished beyond repair.

At the conclusion of the case for respondent, appellant challenged the sufficiency of the evidence and again at the close of the whole case and after the return of the verdict, moved for judgment, n. o. v. These motions were denied by the trial court, which appellant urges as errors.

Appellant insists that respondents should not be allowed to recover because of his contributory negligence

in four particulars: (1) In operating his car without sufficient brakes; (2) in driving across the intersection at more than fifteen miles per hour; (3) in failing to see defendant's car as it approached the intersection; and (4) in traveling upon the left side of the street.

Appellant concedes that his negligence must be admitted in view of the verdict of the jury against him. The first and fourth contentions as to contributory negligence on the part of respondent cannot be sustained, in view of the evidence as we have summarized it.

On the general question of contributory negligence, we have many times held that it is for the jury to determine from all the facts and circumstances of the particular case, and the trial court is only justified in withdrawing that question from the jury where the facts are undisputed and but one reasonable inference can be drawn from them. *Gilbert v. Solberg,* 157 Wash. 490, 289 Pac. 1003; *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644; *Thompson v. Fiorito,* 167 Wash. 495, 9 P. (2d) 789; 12 P. (2d) 1119.

It was for the jury to reconcile all the evidence and circumstances in the case. No complaint is made of any instruction given by the trial court, nor of any instruction refused, except the one requested by appellant for an instructed verdict in his favor. As to the matter of speed of respondent in approaching and entering the intersection, we have repeatedly held that the violation of that statute does not, of itself, constitute contributory negligence, but that it is for the jury to say whether or not it contributed to the accident.

In *Hirst v. Standard Oil Co.,* 145 Wash. 597, 261 Pac. 405, it was urged that, because of the excessive speed on the part of the driver of the car of respondent which caused the accident, and excessive speed being forbidden by statute across street intersections, respond-

ent should not recover. We held that, although violation of a positive statute is negligence of itself, the negligence must contribute to the injury; and that it was difficult to see how the speed at which the car was driven in any way contributed to the injury.

The situation in the present case is very like that in *Church v. Shaffer,* 162 Wash. 126, 297 Pac. 1097. In that case, we held that an automobile driver's excessive speed at a street intersection in violation of law is not contributory negligence barring a right of action where his speed did not contribute to the injury. This was a reaffirmation of the principle stated in the *Hirst* case, *supra.* See, also, *Ellis v. Olson,* 139 Wash. 351, 246 Pac. 944; *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533; *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771; and *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597.

Under the facts and circumstances shown in this case, it is governed by the above cases and not by such cases as *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932; *Kuhn v. American Fruit Growers, Inc.,* 154 Wash. 693, 283 Pac. 444; *Cooney v. Tacoma Moving & Storage Co.,* 155 Wash. 628, 285 Pac. 667.

To sum it all up in this case, it cannot be said, as a matter of law, that respondents were guilty of contributory negligence, and it must be said that it was a question of fact, under the testimony and circumstances, for the jury to decide.

The judgment is affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and BLAKE, JJ., concur.