[No. 26425. Department Two. January 5, 1937.]

AGNES BOYD, *Respondent,* v. O. H. COLE, *Appellant.* [1]

[1]Reported in 63 P. (2d) 931.

*Merrick, Williams & Fitch,* for appellant.

*John F. Walthew* and *Robert M. Burgunder* (*Wright & Wright,* of counsel), for respondent.

HOLCOMB, J.—This action grew out of an automobile accident in which respondent was seriously injured and was allowed seven thousand dollars by a jury after a trial in the lower court. After the verdict had been entered, appellant moved for judgment *non obstante veredicto* and for a new trial, the latter motion being based upon seven statutory grounds, omitting the fourth one, that of newly discovered evidence. Both motions were denied, from which this appeal arises.

Fourteen errors are assigned by appellant, but few of which can be considered on this appeal. A motion in respondent's brief to strike the brief of appellant, for the reason that instructions given and excepted to and instructions requested and refused were not set forth in full in appellant's brief, has been cured by setting them out in full in appellant's reply brief, as permitted by this court.

Assignments 5 to 13, inclusive, relate to the giving of instructions numbered 7, 8, 9, 10, 12, 18, 20, 22 and 28. Instructions numbered 7 and 9, given by the court, are practically the only ones argued by appellant in his brief.

■ Instruction 7 sets forth the statute respecting parking and stopping regulations on public highways, Rem. Rev. Stat., § 6362-47 [P. C. § 196-47]. The only exception made to that instruction is, that

" . . . it should go ahead and set forth the exceptions or the interpretations of the supreme court as to the blocking of the highway."

No such exception is good unless an instruction containing such modification, correct in law, is requested.

■ The exception to instruction 9 is that the

burden of proof is upon the plaintiff to prove the violation of the law as that law had been interpreted by the supreme court. These exceptions are too general to apprise the trial court of the precise deficiency in the instructions under our Rules of Practice, Rule VI, 159 Wash. lxi; *Helf v. Hansen & Keller Truck Co.,* 187 Wash. 206, 9 P. (2d) 110. The exceptions to the other instructions complained of were equally vague and indefinite. A general exception was also made by appellant

" . . . to all of those instructions, individually and severally, on the ground that they do not correctly set forth the law and the evidence in this case."

This exception was too general and indefinite.

■ The exception taken by appellant to the refusal to give requested instructions 1 to 16, inclusive, was on the ground that "they set forth statements of law vitally necessary to adequately instruct the jury as to the law of this case." These exceptions were certainly too general and indefinite to comply with our rule. They in no way specifically point out to the court the matters concerning which complaint is now made. None of the exceptions taken to any of the instructions given or refused are sufficient to comply with Rule of Practice VI, *supra; Kelly v. Cohen,* 152 Wash. 1, 277 Pac. 74; *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921; *Helf v. Hansen & Keller* tice VI, *supra. Kelly v. Cohen,* 152 Wash. 1, 277 Pac. Wash. 471, 18 P. (2d) 53, 88 A. L. R. 123; *Gaskill v. Amadon,* 179 Wash. 375, 38 P. (2d) 229; *Keseleff v. Sunset Highway Motor Freight Co.,* 187 Wash. 642, 60 P. (2d) 720.

There is nothing left to determine but the questions of whether the court erred in denying the appellant's motion for a new trial and his motion for a judgment notwithstanding the verdict.

■ First considering the motion for judgment notwithstanding the verdict, all statements favorable to the contention of respondent must be taken as true and all inferences most favorably to her and most strongly against appellant. Where the minds of reasonable men may differ, the question should be submitted to the jury. *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644; *Hart v. Hogan,* 173 Wash. 598, 24 P. (2d) 99; *Harry v. Beatty,* 177 Wash. 153, 31 P. (2d) 97; *Hayden v. Colville Valley Nat. Bank,* 180 Wash. 220, 39 P. (2d) 376. When a case is tried to the jury, we inquire only as to whether there is substantial evidence to sustain the verdict. *Smith v. Seattle,* 178 Wash. 477, 35 P. (2d) 27. Such a motion involves no element of discretion and can only be granted where, as a matter of law, there is no evidence or reasonable inference from the evidence to sustain the verdict. *Carroll v. Western Union Tel. Co.,* 170 Wash. 600, 17 P. (2d) 49.

 Although there was conflicting evidence, the evidence on behalf of respondent showed substantially these facts: Respondent, a graduate nurse and an invited guest, was injured while one of a party of six, in a sedan owned and operated by one Brawley, who were going skiing, intending to go to a point east of the summit on the Snoqualmie pass road. Leaving Seattle about seven forty-five in the evening of January 18, 1936, with a short stop at North Bend, they proceeded to Camp Mason, where they again stopped and placed chains on the wheels of the car. Snow was falling lightly at this point and increased slightly as they proceeded until there was one or two inches of new snow on the concrete pavement at the place of the accident.

Some snow had been piled on the sides, in places to within a foot of the edge of the pavement and not more than one foot deep on the shoulders. The pavement is twenty feet wide with shoulders all along a minimum

of five feet in width, of rock construction; and immediately beyond the scene of the accident, for a distance of several hundred feet, the shoulders on the east side of the pavement are a minimum of fourteen feet in width, level, and of such formation as to be strong enough at any time to have sustained the weight of a 41,000-pound truck out at least twelve feet from the edge of the pavement.

Appellant's driver had a 41,000 pound truck with a semi-trailer attached, which was thirty-five feet in length, over all. He testified that he stopped entirely on the pavement to repair a chain which he thought had become loose. At this particular place there were already four other east-bound trucks stopped wholly on the pavement, all in willful disregard of the positive law. Almost immediately after he stopped, the car in which respondent was riding ran into the rear of his truck at about ten thirty p. m. A car attempting to pass these five trucks had to do so with great caution and difficulty. A number of truck drivers testified for appellant, who all said that they never drove off of the pavement when they stopped, because, as one expressed it, "they might get their feet wet." In fact, the attitude of all of them toward the use of the highway was utter indifference to the law, with which they are familiar, and to the rights of other users of the highway.

The driver of the sedan testified that he was proceeding east along the pavement and as the car went down the crest of a small hill, he was suddenly confronted by the outline of appellant's truck and semi-trailer completely blocking the east bound lane of the highway, and at the same time the light of a car approaching from the opposite direction neutralized the effect of the sedan lights. Turning a slight distance to the left to see if he had room to pass before the oncoming car would reach the truck, he found it would be too close,

so he turned to pass the truck in the ditch. The soft snow on the side took the front wheels and the back end kept going and struck the back corner of the truck. There was no room to go between the lefthand side of the truck and the oncoming car. The east bound lane was completely blocked by the truck, which was dim and blended with the snow, no red tail lights being visible. All of the occupants of the sedan testified that there was no careening or skidding of the car. In the collision, the left rear door post struck the right rear corner of the trailer a glancing blow, damaging the car, causing the undisputed injuries of which respondent complained, and the death of another.

There was manifestly nothing serious the matter with appellant's truck that prevented it from going entirely off of the pavement. *Gilbert v. Solberg,* 157 Wash. 490, 289 Pac. 1003; *Gaches v. Daw,* 168 Wash. 162, 10 P. (2d) 1111; *Graves v. Mickel,* 176 Wash. 329, 29 P. (2d) 405.

The evidence was ample to go to the jury on the question of negligence of appellant's driver. Hence, the motion for judgment *non obstante veredicto* was correctly overruled.

The motion for a new trial was addressed to the sound discretion of the trial court. It is not an abuse of discretion to refuse to grant a new trial where there is some support in the evidence for the verdict. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; *Ohlson v. Sawbridge,* 156 Wash. 430, 287 Pac. 206; *Wilson v. Pacific Power & Light Co.,* 171 Wash. 232, 17 P. (2d) 846. The order denying the motion for a new trial is therefore sustained.

The judgment is affirmed.

MILLARD, C. J., BEALS, MITCHELL, and TOLMAN, JJ., concur.