[No. 26491.   Department Two.   June 14, 1937.]

C. V. Ittner, *Appellant,* v. J. R. McDonald *et al.,*
*Respondents.*[1]

*Robert G. Cauthorn,* for appellant.

*Max Church,* for respondents.

Holcomb, J.—Appellant sued respondents to re-
cover for personal injuries he sustained and for dam-
ages to his automobile alleged to have been due to the
negligence of respondent husband in driving his au-
tomobile into the car of appellant in a traffic intersec-
tion in Seattle.   To a complaint so charging, respond-
ents answered, denying negligence and the amount of
damages, and pleading an affirmative defense admit-
ting the occurrence of the collision at the time and in
the place pleaded, but alleged that the accident was
due to the negligence of appellant and that respond-
ents were free from negligence.   This new matter was
denied by a reply.

The case was tried to a jury, which returned a
verdict for respondents.   A motion for a new trial
having been denied, this appeal was taken.

[1]Reported in 69 P. (2d) 566.

Appellant testified, and also respondent and his wife, before the court and jury, with the above result.

The trial was not stenographically reported. An incomplete and badly garbled, narrative record from the memory of appellant's counsel, as supplemented by counsel for respondent, was certified by the trial court.

The record shows that the case was tried before a jury in the lower court on April 27 and 28, 1936. A motion for a new trial was served and filed by appellant on April 30, 1936, based upon five statutory grounds. No exceptions were taken by counsel for appellant at the time the instructions were given and before the jury returned with their verdict, but were belatedly filed in the office of the clerk of the lower court on May 12, 1936.

Three of the errors urged by appellant are that the court submitted to the jury by instructions a case that had no existence in fact and refused to submit the real case made by the pleadings and the facts, thus violating both the state and Federal constitutions; that the court erred in refusing to hear errors in instructions; and that the court erred in overruling his motion for a new trial.

■ None of the contentions can be sustained because no timely exceptions whatever were taken to the giving or refusal of any instructions under Rule of Practice VI, 159 Wash. lxi, relating to exceptions, which appellant erroneously asserts is not mandatory.

From *Kelley v. Cohen*, 152 Wash. 1, 277 Pac. 74, to *State v. Hussey*, 188 Wash. 454, 62 P. (2d) 1350, this court has consistently held that exceptions must be taken as required by that rule, or such alleged errors will be disregarded.

Since that was not done in this case, no question upon the instructions can be considered, nor did the

528

trial court err in refusing to consider any such question on a motion for a new trial, because the instructions had not been excepted to in time. The trial court and trial counsel are as much bound by that rule as are we.

Another error urged is that the trial court erred in striking certain testimony. An examination of the testimony stricken as to special damages not pleaded shows that it was irrelevant to any issue in this case.

No reversible error is disclosed by appellant, and the judgment is affirmed.

STEINERT, C. J., BEALS, TOLMAN, and ROBINSON, JJ., concur.