995 P.2d 616 (2000)
100 Wash.App. 64
Robert I. McINDOE, Appellant,
v.
DEPARTMENT OF LABOR AND INDUSTRIES OF the STATE OF WASHINGTON, Respondent.
Edward K. Krabbenhoft and John J. Herrera, Respondents,
v.
Department of Labor and Industries of the State of Washington, Appellant.
Nos. 18250-9-III, 18513-3-III, 18514-1-III.
Court of Appeals of Washington, Division 3, Panel Nine.
March 23, 2000.
*617 Tom G. Cordell, Moses Lake, for Appellants.
Sheryl L. Gordon, Assistant Attorney General, Spokane, for Respondents.
SWEENEY, J.
These three consolidated workers' compensation cases present one question. Can a worker receive an award for permanent partial disability (PPD) for a pre-existing condition if the claim is filed after a pension for an unrelated permanent total disability has already been awarded? Two trial courts allowed the claims. One denied the claim. We hold that the worker is entitled to both the PPD and the pension.

FACTS
The parties stipulated to the following facts:
Robert McIndoe. Mr. McIndoe was employed for many years in the construction industry. He suffered a severe back injury in a Caterpillar accident on February 9, 1994. On June 24, 1996, the Department of Labor and Industries (Department) found him totally permanently disabled and awarded a pension.
Two weeks later, on July 5, Mr. McIndoe timely filed a claim for benefits for occupational hearing loss rated at 19.56 percent binaural, which he attributed to long term exposure to construction noise. The Department allowed the hearing loss claim, but closed it without an award of PPD because it had already awarded a pension for total disability.
Mr. McIndoe appealed to the Board of Industrial Insurance Appeals (Board). It affirmed the Department's denial of compensation for the hearing loss. On April 30, 1998, Mr. McIndoe appealed to the Adams County Superior Court. The judge granted summary judgment to the State and affirmed the Board's affirmance of the Department's denial of PPD for the hearing loss. Mr. McIndoe appeals.
*618 Edward Krabbenhoft. During 19 years of employment with Lehigh Portland Cement Company, Mr. Krabbenhoft sustained several injuries for which he received PPD awards. On December 21, 1989, he seriously injured his knee and was found permanently totally disabled and awarded a pension effective January 6, 1994.
In November 1996, he filed a claim for 29 percent binaural hearing loss. On May 9, 1997, the Department allowed the claim and closed it without a PPD award. Mr. Krabbenhoft appealed to the Board which affirmed the Department. The Pend Oreille County Superior Court reversed the Board and the Department, and awarded summary judgment to the worker. The Department appeals.
John J. Herrera. Mr. Herrera also worked for Lehigh for 16 years. And he also received several PPD awards over the years. On October 13, 1987, he injured his knee. On November 16, 1993, he was awarded a pension for total permanent disability, effective January 16, 1994.
On July 1, 1996, Mr. Herrera filed a hearing loss claim for 39.06 percent binaural impairment. The disability was present before or contemporaneously with his last exposure to occupational noise on October 13, 1987. Again, the Department allowed the claim but closed it without a PPD award because of the previously awarded total permanent disability pension. The Board affirmed. The Pend Oreille County Superior Court reversed the Board and granted summary judgment for Mr. Herrera. The Department appeals.

DISCUSSION
The dispositive question raised here is whether the Workers' Compensation Act (Act) permits compensation for a permanent partial disability if the claim is filed after a pension has been awarded for an unrelated permanent total disability injury.
Relying primarily on Harrington v. Department of Labor & Indus., the Department contends that a worker would recover twice if awarded partial disability benefits under a new claim filed after the same worker has received a pension for permanent total disability. Harrington v. Department of Labor & Indus., 9 Wash.2d 1, 113 P.2d 518 (1941). This, it argues, is because a person who is permanently totally disabled cannot, by definition, be further disabled. And the worker is, therefore, already receiving the maximum allowable compensation under the Act. The Department concedes, as it must, that Clauson created an exception for a PPD claim that is pending when the pension is awarded. Clauson v. Department of Labor & Indus., 130 Wash.2d 580, 925 P.2d 624 (1996). The Department asserts, however, that pending means the PPD claim has been filed before the date of the pension award.
The Department's rationale derives from its characterization of both partial and total permanent disability benefits as compensation for loss of earning power. It urges that it is not logical to claim additional partial disability on top of a previous award for total disability.
The workers respond that Clauson does not preclude a worker from receiving PPD for an unrelated injury which predates the pension injury. Clauson, 130 Wash.2d at 585, 925 P.2d 624. According to this view, it is the date of the injury, not the date the claim was filed, that determines whether an intervening unrelated adjudication of total disability is disqualifying. The workers reject the characterization of PPD and pension awards as analogous. They contend instead that the two benefits are like apples and oranges: the PPD award compensates for lost bodily functionthe pension for lost earning power.
Standard of Review. The judgments appealed from are summary judgments. No facts are disputed. The only issues are questions of law. We therefore review the judgments de novo. Dioxin/Organochlorine Ctr. v. Pollution Control Hearings Bd., 131 Wash.2d 345, 352, 932 P.2d 158 (1997).
Canons of Construction. The purpose of the Workers' Compensation Act is to minimize the suffering and economic loss arising from work-related injuries. RCW 51.12.010. We liberally construe the Act to achieve its purpose of reducing the injured worker's suffering and economic loss by providing *619 compensation. Doubts are resolved in favor of the worker. RCW 51.12.010; Dennis v. Department of Labor & Indus., 109 Wash.2d 467, 470, 745 P.2d 1295 (1987).
The Department is charged with administration of the Act so we, therefore, accord substantial weight to the Department's interpretation of it. We may nonetheless substitute our judgment for the Department's because our review of the Act is de novo. RCW 34.05.570, .902; Haley v. Medical Disciplinary Bd., 117 Wash.2d 720, 728, 818 P.2d 1062 (1991); Dana's Housekeeping, Inc. v. Department of Labor & Indus., 76 Wash.App. 600, 605, 886 P.2d 1147 (1995).
We strive to ascertain and carry out the intent of the Legislature when interpreting a statute. Department of Labor & Indus. v. Auman, 110 Wash.2d 917, 921, 756 P.2d 1311 (1988). We glean legislative intent primarily from the language of the statute. And we construe the statute to avoid rendering any part meaningless. Oestreich v. Department of Labor & Indus., 64 Wash.App. 165, 169, 822 P.2d 1264 (1992).
Total Disability Following Partial Disability. First, all agree that the Act contains provisions which permit compensation of partial disability even if followed by a total disability award. RCW 51.32.080(4) and RCW 51.32.060(4) provide that whether the lump sum partial disability payment is deducted from the subsequent total disability pension depends on whether the two claims are based on the same injury or a different injury. Previously paid PPD is deducted from the pension when a single partial disability is re-evaluated and subsequently forms the basis of a pension for total disability. RCW 51.32.080(4). If different injuries are involved, the pension is paid in full without regard to the unrelated previous PPD award. RCW 51.32.060(4); Clauson v. Department of Labor & Indus., 79 Wash.App. 537, 541-42, 903 P.2d 518 (1995), aff'd, 130 Wash.2d 580, 925 P.2d 624 (1996).
The Department reads Clauson to require the worker to file a claim for PPD before a pension award. In Clauson, a worker had two open claims, one for permanent partial disability from one injury, and another for permanent total disability from another. The Department first awarded the pension, then denied the partial disability claim based on the holding of Harrington. Harrington held that a worker who has been classified as permanently and totally disabled and awarded a pension cannot receive additional compensation for subsequent industrial injuries. Clauson distinguished the Harrington family of cases:
The facts in the present case differ from those in Harrington, Sorenson, and Peterson in that Mr. Clauson seeks a permanent partial disability award for an injury which was sustained before the injury resulting in his permanent total disability and which was considered under a separate claim, which was pending at the time he was classified as permanently totally disabled.
Clauson, 130 Wash.2d at 585-86, 925 P.2d 624 (some emphasis added; some emphasis deleted).
The Department defines a pending claim as one which has been filed. We disagree. Its definition is too narrow given the purposes of the Act and our mandate of liberal interpretation. Pending includes claims arising from an injury that was sustained prior to the pension award but for which the filing period is still open, whether or not an actual claim has been filed. Mr. Clauson happened to file his PPD paperwork before the date of the pension award. But nothing in Clauson's, reasoning suggests that that circumstance was more than incidental to the result.
The Department cites cases for the proposition that no partial disability can be compensated after the award of a total disability pension. But in every case, the worker sustained the partially disabling injury after receiving a total permanent disability award. Workers will not be compensated for injuries which occur after the permanent total disability classification. Harrington, 9 Wash.2d at 4, 113 P.2d 518. And subsequent lesser disability cannot be superimposed upon the maximum disability recognized by the law. Sorenson v. Department of Labor & Indus., 19 Wash.2d 571, 577-78, 143 P.2d 844 (1943) (total disability pension taken as lump sum; subsequent injury to same foot; cannot recover more). A worker who accepts *620 a permanent total disability award is thus estopped from receiving, and the Department from paying, compensation for subsequent injuries. Peterson v. Department of Labor & Indus., 22 Wash.2d 647, 651, 157 P.2d 298 (1945).
Prior injuries, on the other hand, are fully compensable. Clauson, 130 Wash.2d at 584-85, 925 P.2d 624. We find no case holding that compensation for a pre-existing physical impairment depends on the timing of the disposition of an unrelated claim.
The Department contends that the pre-existing impairment in Clauson was compensable, not because it predated the pension, but because the filing of the claim predated the pension. The reasoning underlying Clauson does not support that conclusion. The distinguishing pre-pension event was the injury, not the filing of the claim. Clauson, 130 Wash.2d at 582, 925 P.2d 624. A total permanent disability pension is the greatest benefit which can be paid for a single injury. Peterson, 22 Wash.2d at 651, 157 P.2d 298. Contrary to the Department's contentions, nothing in the Act suggests a legislative intent to impose a total benefits limit for all injuries. The only restriction relevant here is that the physical partial disability must be incurred before total disability is pronounced.
Loss of Function versus Loss of Earning Power. The Department argues that all benefits for permanent disability, whether partial or total, ultimately compensate for loss of earning power. Both statutes and case law suggest otherwise.
PPD reflects only the loss of bodily function; it is not measured by the loss of earning power. Hubbard v. Department of Labor & Indus., 92 Wash.App. 941, 947, 965 P.2d 1136 (1998), rev'd on other grounds, 140 Wash.2d 35, 992 P.2d 1002 (2000); Franks v. Department of Labor & Indus., 35 Wash.2d 763, 774, 215 P.2d 416 (1950). An award of the maximum possible PPD does not mean the worker cannot engage in some form of gainful employment. Id. at 776, 215 P.2d 416.
Permanent partial disability is: "Any anatomic or functional abnormality or loss after maximum rehabilitation has been achieved.... Under Washington law disability awards are based solely on physical or mental impairment due to the accepted injury or conditions without consideration of economic factors." WAC 296-20-01002 (emphasis in original); RCW 51.08.150. This means that permanent partial disability is not proved with reference to whether the person is able to work. Clauson, 130 Wash.2d at 585, 925 P.2d 624.
Total permanent disability, on the other hand, is: "[L]oss of [body part or function] permanently incapacitating the worker from performing any work at any gainful occupation." RCW 51.08.160; WAC 296-20-01002.

CONCLUSION
Here, the workers suffered their hearing loss before the date of the injury which resulted in their pension. They timely filed claims. By the term pending, the Clauson court meant pre-existing and, therefore, necessarily included claims discovered and filed within the statute of limitation. There is then no legal reason why the filing of an unrelated pension claim should prevent these workers from recovering for their hearing loss.

ATTORNEY FEES
Mr. McIndoe, Mr. Krabbenhoft and Mr. Herrera request costs and fees pursuant to RAP 2.4(g), RAP 14.2, and RCW 51.52.130. Reasonable attorney fees may be claimed on appeal when provided for by applicable law. RAP 18.1(a). RCW 51.52.130 provides for fees on appeal if the worker prevails.
We therefore reverse the trial court's decision in McIndoe and affirm the trial court's decisions in Krabbenhoft and Herrera. The workers' reasonable attorney fees and costs are granted.
KURTZ, C.J., and KATO, J., concur.