[No. 26046-8-II.   Division Two.   July 27, 2001.]

WEYERHAEUSER COMPANY, *Appellant*, v. THE BOARD OF INDUSTRIAL INSURANCE APPEALS, *Respondent*.

---

506

*Jack S. Eng* (of *Weyerhaeuser Company*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Jean M. Wilkinson, Assistant,* for respondent.

MORGAN, J. — The issue is what standard of comparison to use when analyzing whether a worker has prevailed in an employer's appeal to the Board of Industrial Insurance Appeals. We hold that the standard is the worker's original claim, not the order appealed from. Because the Board and the superior court used that standard, we affirm.

In each of four separate cases, a Weyerhaeuser Co. employee claimed workers' compensation benefits due to job-caused hearing loss. The Department of Labor & Industries ordered Weyerhaeuser to pay such benefits. Weyerhaeuser appealed to the Board of Industrial Insurance Appeals. During the pendency of the appeal, Weyerhaeuser and the worker settled for less than the Department's order, but still for a substantial amount.[1] The Board accepted their settlement and ordered Weyerhaeuser to pay interest on the settlement amount from the date of the Department's initial decision.

Weyerhaeuser objected to paying interest. Citing RCW 51.52.135, it argued that the worker was not entitled to interest unless he prevailed on appeal; that to prevail on

---

[1] Weyerhaeuser agreed to pay $6,336 on one claim; $9,396 on another claim; $2,350 on a third claim; and $4,320 on a fourth claim.

appeal he had to recover as much or more than the Department's order; and that he had not done that. Hoping to enforce this position, Weyerhaeuser sued in superior court for a declaratory judgment overturning the Board's order on interest.[2]

The superior court agreed with the Board. It reasoned that "since the worker sought coverage, and was ultimately held by the Board to be entitled to this coverage (although at a lower level than that found by the Department), the worker prevailed in his claim for coverage and compensation."[3]

Weyerhaeuser now appeals to this court. It relies on RCW 51.52.135, which authorizes interest only "when [an employee] prevails in an appeal by the employer to the board[.]"[4]

The parties disagree on the standard of comparison to use when deciding whether an employee has prevailed on appeal. Weyerhaeuser would use the order appealed from, whereas the Board would use the worker's initial claim.[5] Comparing the worker's recovery to the order appealed

---

[2] We assume that this procedure is proper, for it is not challenged here.

[3] Clerk's Papers (CP) at 8.

[4] RCW 51.52.135 provides:

(1) When a worker or beneficiary prevails in an appeal by the employer to the board or in an appeal by the employer to the court from the decision and order of the board, the worker or beneficiary shall be entitled to interest at the rate of twelve percent per annum on the unpaid amount of the award after deducting the amount of attorney fees.

(2) When a worker or beneficiary prevails in an appeal by the worker or beneficiary to the board or the court regarding a claim for temporary total disability, the worker or beneficiary shall be entitled to interest at the rate of twelve percent per annum on the unpaid amount of the award after deducting the amount of attorney fees.

(3) The interest provided for in subsections (1) and (2) of this section shall accrue from the date of the department's order granting the award or denying payment of the award. The interest shall be paid by the party having the obligation to pay the award. The amount of interest to be paid shall be fixed by the board or court, as the case may be.

[5] We have no occasion to differentiate between an original claim and an amended claim, for nothing in any of the four cases under review shows that the original claim was amended.

from, Weyerhaeuser argues that a worker "prevails in an appeal" only if he or she recovers at least as much as the order appealed from. The Board responds that a worker "prevails on appeal" if he or she recovers a substantial part of his or her claim, even if that is less than the order appealed from.

■ RCW 51.32.135(1) can reasonably be read either way. Accordingly, it is ambiguous.[6]

In finding ambiguity, we reject Weyerhaeuser's argument that dictionary definitions give the word "prevail" a plain meaning. After examining such definitions, we find them inconclusive.[7]

In finding ambiguity, we also reject Weyerhaeuser's argument that the legislature would not have included the statute's first six words if it had intended the meaning that the Board now espouses. With or without those words, the statute can reasonably be read as the Board would read it.

■ When a statute is ambiguous, we must ascertain the intent of the legislature.[8] To do that, we often look to legislative history. The history here, however, is inconclusive. As Weyerhaeuser points out, it merely reiterates "that interest is payable only 'if the worker prevails in the appeal.' "[9]

■ Finding no help elsewhere, we turn to the rules of construction. One such rule is that doubts concerning the meaning of a workers' compensation statute are resolved in

---

[6] *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001); *Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 530, 951 P.2d 770 (1998).

[7] *E.g.*, BLACK'S LAW DICTIONARY 1206 (7th ed. 1999) ("[t]o obtain the relief sought in an action; to win a lawsuit."); BLACK'S LAW DICTIONARY 1069 (5th ed. 1979) ("[t]o be or become effective or effectual, to be in force, to obtain, to be in general use or practice, to be commonly accepted or adopted; to exist."); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1797 (1969) ("to be successful"; "to succeed in persuading[.]").

[8] *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994); *Anderson v. O'Brien*, 84 Wn.2d 64, 67, 524 P.2d 390 (1974).

[9] Reply Br. of Appellant at 7 (quoting H.B. REP. 683, 48th Leg., Reg. Sess. 1 (Wash. 1983)).

favor of the worker.[10] Another such rule is that we defer to the Board concerning the meaning of the Industrial Insurance Act, at least if its reading is reasonable.[11] Applying both rules here, we conclude that when the Board or a court is applying RCW 51.52.135, it must compare the worker's recovery on appeal and the worker's initial claim; determine whether the worker has recovered a substantial part of his or her initial claim; and, if the worker has, conclude that the worker has "prevailed on appeal." What constitutes a "substantial part" of the worker's claim is necessarily a matter of broad discretion; there is no showing that the Board abused its discretion here; and thus we affirm the superior court's denial of declaratory relief.

Affirmed.

ARMSTRONG, C.J., and HOUGHTON, J., concur.

Review denied at 145 Wn.2d 1024 (2002).

---

[10] *Hubbard v. Dep't of Labor & Indus.*, 140 Wn.2d 35, 41, 992 P.2d 1002 (2000); *Double D Hop Ranch v. Sanchez*, 133 Wn.2d 793, 798, 947 P.2d 727, 952 P.2d 590 (1997); *Simpson Timber Co. v. Wentworth*, 96 Wn. App. 731, 735-36, 981 P.2d 878 (1999); *Intalco Aluminum Corp. v. Dep't of Labor & Indus.*, 66 Wn. App. 644, 654, 833 P.2d 390 (1992), *review denied*, 120 Wn.2d 1031 (1993).

[11] *Cockle*, 142 Wn.2d at 812; *City of Spokane v. Dep't of Labor & Indus.*, 100 Wn. App. 805, 811, 998 P.2d 913 (2000); *McIndoe v. Dep't of Labor & Indus.*, 100 Wn. App. 64, 69, 995 P.2d 616 (2000); *Dep't of Labor & Indus. v. Avundes*, 95 Wn. App. 265, 270, 976 P.2d 637 (1999), *aff'd*, 140 Wn.2d 282, 996 P.2d 593 (2000).