Mississippi Employment Security Commission *v.* Medlin

No. 43328 February 8, 1965 171 So. 2d 496

*H. L. Hutcherson,* Jackson, for appellant.

*J. E. Boone,* New Albany, for appellee.

INZER, J.

This is an appeal by the Mississippi Employment Security Commission from an award of unemployment compensation benefits to appellee, Houston W. Medlin, by the Circuit Court of Union County. Appellee was employed in full-time work by Laher Springs and Electric Car Corporation. He voluntarily left his employment to go into business for himself operating a curb market for the sale of fruit and produce in New Albany, Mississippi. After about a month, he decided his venture was not very profitable, so he closed his curb market and began peddling fruit and produce from a truck. After about two months, he decided this was a failure, and he sought employment around New Albany. Being unable to secure employment, appellee applied for unemployment compensation benefits from the Mississippi Employment Security Commission. His claim was denied, and he appealed to the Board of Review. This appeal was referred to the referee, who conducted a hearing and made findings of fact, and rendered an opinion denying the claim. The appellee then requested a review by the Board of Review, which adopted the findings of fact of the referee and affirmed his decision. Thereupon the appellee filed his petition in the Circuit Court of Union County, asking the court to review the record and render an order to pay benefits to appellee.

The circuit court held that appellee did not leave his employment voluntarily without good cause, and that he had met the earning requirements for disqualification

inasmuch as he received remuneration for personal services as contemplated by Mississippi Code Annotated section 7379 (Supplement 1962). The court reversed the decision of the Board of Review, and remanded the cause with directions that appellee be paid benefits. Thereupon the Mississippi Employment Security Commission appealed to this Court.

The first issue for determination by this Court is whether an individual's voluntary abandonment of his employment to undertake a self-employment venture constitutes "good cause" within the meaning of section 7379(a), Mississippi Code Annotated (Supplement 1962). This section provides in part as follows:

An individual shall be disqualified for benefits —

(a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this act defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, . . . .

In today's complex industrial society, numbers of our people are wage earners employed by others, rather than self-employed. Through the operation of economic forces over which they have no control, these workers are subject to hazards of involuntary unemployment through no fault of their own. The purpose of our state unemployment compensation act is to protect against the crushing consequences of unemployment to those persons in the labor market who stand willing and able to work, but through no fault of their own are unemployed. Miss. Code Ann. § 7369 (1952); Mills v. Mississippi Employment Security Comm'n, 228 Miss. 789, 89 So. 2d 727 (1956). The purpose of this act is not to protect persons self-employed, who have a better opportunity to protect themselves from unemployment.

 ██ Only wage earners can become eligible for un-employment compensation benefits. Miss. Code Ann. §§ 7374, 7378, 7440(i)(1) (Supp. 1962).

Although self-employed persons are not ordinarily eligible for unemployment compensation benefits, appellee urges that if a self-employed person has left employment which qualified him for unemployment compensation benefits to go into a self-employment venture, then upon the failure of the venture such person should be eligible for unemployment compensation benefits. We see no sound basis for this distinction.

 By voluntarily removing himself from the labor market to enter self-employment, appellee removed himself from the class of persons entitled to be protected by the unemployment compensation act. We agree with the referee in this case that "where an individual is possessed of a suitable job, such as the claimant here was, and where he gives it up to become self-employed, he, and not the unemployment fund, assumes the risk . . . . it was never intended that the statute would underwrite such a venture."

 ██ To hold that leaving employment to enter self-employment is "good cause" within the meaning of section 7379 would establish the unemployment compensation fund as an insurance fund for employees who decide to leave employment to enter business for themselves. While this is a case of first impression in this state, we find that the Supreme Court of Pennsylvania, in addressing itself to this issue, has said:

By "good cause" as used in the Act is obviously meant such a cause as justifies an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed. . . .

When this claimant voluntarily quit his job as an employee for wages to become an independent contractor he took himself out of the class entitled to protection of the Act. He became a businessman at his own

risk. He could not assume his new status with the legal assurance that if his expectations of more favorable economic results from his new status was (*sic*) realized he would be the *sole gainer while if his venture failed he could fall back on the compensation benefits* which were his when he was a worker for wages. The law does not make Pennsylvania employers the insurers to any extent whatsoever of the private ventures of their employees. In a free society any employee may quit his work for any reason which appears to him adequate, but if he "gambles" with his job as an employee in the hope of becoming a businessman and an employer himself he cannot expect to find that the "game" is one in which all the possible gains are to be his while the losses, if any, are to be borne chiefly by the employers.

Sun Shipbuilding Co. v. Board of Review, 358 Pa. 224, 56 A. 2d 254, 258-60 (1947).

■■ Unemployment benefits payable from funds derived from taxes paid by employers are designed basically to protect unemployed employees who are still attached to the labor market, but who lose their employment involuntarily through no fault of their own, not to insure the success of a person who voluntarily leaves his employment to go into self-employment. ■ ■ We hold, therefore, that a person who voluntarily leaves his employment to go into self-employment has left his employment without "good cause" within the meaning of Code section 7379.

The next question is whether the money earned by appellee during his self-employment requalifies him for unemployment benefits under the provisions of section 7379(a) that an individual who leaves his employment without good cause is disqualified from receiving benefits "until he has earned remuneration for personal services (whether performed for an employer as in this

act defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, . . . .''

Appellee argues that ''personal services'' are services rendered by an individual personally (in this case selling produce) and that the phrase ''whether performed for an employer as in this act defined or otherwise'' evidences an intention on the part of the legislature to include remuneration for all services personally rendered.

■■■ While we admire appellee's ingenuity and the sincerity of his argument, we cannot agree. The phrase ''whether performed for an employer as in this act defined or otherwise'' has reference to an ''employer'' subject to the act (as defined in section 7440(h), being generally those employers having four or more employees) as opposed to an ''employer'' not subject to the act. It simply means that the remuneration for personal services to end a disqualification may be earned from an employer subject to the act or one who is not subject to the act.

■■ ■ ''Wages'' are defined in the Unemployment Compensation Act as ''all remuneration for personal services, . . . .'' Miss. Code Ann. § 7440(n) (Supp. 1962). We hold, then, that the remuneration ''for personal services'' referred to in section 7379 is meant to be the equivalent of ''wages.'' In other words, a consideration paid by an employer to an employee for services rendered by the employee to employer. ■■ ■ Under the terms of this act, money earned by self-employed persons cannot in any way be considered as ''wages.'' See Sun Shipbuilding Co. v. Board of Review, *supra*.

■■ ■ Moreover, the policy underlying the requirement that to requalify for unemployment benefits a person who has voluntarily left a job without ''good cause'' must earn remuneration in a certain amount for personal services is to require the individual to re-establish himself in the labor market and therefore bring

himself into the class of persons intended to be protected by the act.

We are of the opinion that the circuit court was in error and that its judgment should be reversed, and the order of the Board of Review should be reinstated.

Judgment reversed, and order of the Board of Review of Mississippi Employment Security Commission reinstated.

*Lee, C. J., and Ethridge, Rodgers, and Patterson, JJ.,* concur.