Fred N. HAM, Jr.

v.

MAINE EMPLOYMENT SECURITY COM-
MISSION, Maine Industrial Rubber
Products, and Yudy's.

Supreme Judicial Court of Maine.

Feb. 16, 1966.

J. Armand Gendron, Sanford, for plain-
tiff.

Milton L. Bradford and Frank A. Far-
rington, Asst. Attys. Gen., Augusta, for de-
fendants.

Before WILLIAMSON, C. J., and
WEBBER, TAPLEY, MARDEN, RUD-
MAN, and DUFRESNE, JJ.

MARDEN, Justice.

On appeal from decision of the Superior
Court sustaining a decision of the Maine
Employment Security Commission denying
unemployment benefits.

The undisputed facts establish that after
work with an employer within the terms of
the Employment Security Law (Act), claim-
ant left that work on June 27, 1963 for the
purpose of going into business for himself.
He began this self-employment on July 4,
1963 and continued to November 30, 1963
at which time he was forced to abandon his
venture due to lack of demand for his serv-
ices. He seasonably thereafter filed claim
for benefits and after successive hearings
before the Commission Examiner, the Ap-

peal Tribunal and Review by the Maine Employment Security Commission, unemployment benefits were denied.

The validity of the subsisting decision turns upon the application of Chapter 29, Section 15, R.S.1954, now (26 M.R.S.A. § 1193) which provides:

"An individual shall be disqualified for benefits:

"1. *Voluntarily leaves work.* For the period of unemployment subsequent to * * * having left his regular employment voluntarily without good cause attributable to such employment, * * *. In no event shall disqualification for voluntarily leaving regular employment be avoided by periods of other employment unless such other employment shall have continued for 4 full weeks."

Seasonably after the decision of the Commission, appellant initiated his appeal to the Superior Court as provided in Chapter 29 Section 16, IX, R.S.1954 (now 26 M.R.S.A. § 1194, subd. 9, and Rule 80B M.R.C.P.) and in such complaint he expressed his aggrievement in the interpretation which had been placed upon Section 15, subd. I, and in one other aspect not here pertinent. In registering his points of appeal to this court under Rule 75(d) M.R.C.P. he alleges that the court below "erred as a matter of law in finding upon the undisputed facts that plaintiff left his employment voluntarily without good cause attributable to such employment," and purports to add a second point that the court below "erred as a matter of law in failing to find upon the undisputed facts that plaintiff's disqualification, if any, was not avoided by his subsequent employment for more than 4 full weeks." We believe the appellant intended point two to read "was avoided" and we so read it.

The Commission objects to the addition of the second issue of law in the points of appeal, the same having not been raised in the complaint. The objection is well taken, but we take occasion to point out that had point two been included in the complaint, the result would not be changed.

The issue is whether or not appellant is disqualified from receiving unemployment benefits by virtue of the factual situation under which he terminated his employment with his employer under the Act, and the legal test prescribed by Section 15 of the statute.

The policy of our Act (Chapter 29, Section 1, R.S.1954) is to supply economic security to him who suffers unemployment through no fault of his own and who, among other criteria, is "able to work and is available for work," Chapter 29, Section 14, subd. III, R.S.1954. Expressed negatively the individual is not entitled to benefits if, among other criteria, he leaves his employment "voluntarily without good cause attributable to such employment."

■ We here deal with what the Commission terms a "voluntary quit." While the appellant is to be commended for his desire to become self-employed and for his candor in placing his claim for unemployment benefits upon the simple facts of the situation out of which his lack of work arises, he does not fall into that class for which the unemployment compensation law is intended.

The unemployment compensation laws State by State have, as do other statutes, phrasing peculiar to their jurisdictions. In some States a voluntary quit for "good cause" alone is sufficient to avoid disqualification and interpretations of the words "good cause" markedly vary. In some jurisdictions good "personal cause" is accepted as "good cause" within the statute.[1] Our statute requires not only "good cause"

---

[1]. As discussed in Toothaker v. Maine Employment Security Commission et al. in Me., 217 A. 2d 203, 1966.

but "good cause attributable to such employment."

■ Although it were to be held that the desire to be self-employed is a "good cause" and that an employee with such motivation should not be subsequently deprived of unemployment compensation with the possible effect of suppressing his ambitions, it must be borne in mind that the compensation funds are not intended as insurers under all circumstances. There is no clearer case of a considered decision by an employee to leave his work and deliberately remove himself from the labor market than in the instant case. There is nothing to suggest that the decision was prompted by anything attributable to his employment.

In the States of both Mississippi and Pennsylvania where the statutes disqualify an employee for benefits upon a voluntary quit without "good cause," an employee-claimant in a position identical to that of Mr. Ham, was held to be disqualified. In Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review, 358 Pa. 224, 56 A.2d 254 (1948) the court pointed out that when the appellant elected to become an independent contractor "he took himself out of the class entitled to the protection of the Act * * *. He became a businessman at his own risk." [6] at 259.

> "It is true that claimant was unemployed after he failed as a businessman, but since he had renounced his status as a 'wage earner' in order to become a 'businessman' his failure in the latter role did not automatically restore him to the status of an 'unemployed employee' * * *." [6] at 260.

> "When his private venture failed he did not ipso facto become an unemployed *employee*—he became an unemployed *businessman*." [11] at 261.

To the same effect Mississippi Employment Security Commission v. Medlin, 252 Miss. 146, 171 So.2d 496 (1965) in which the court adds that:

> "where an individual is possessed of a suitable job, * * * and where he gives it up to become self-employed, he, and not the unemployment fund, assumes the risk * * * it was never intended that the statute would underwrite such a venture." [3] at 498.

With the Mississippi and Pennsylvania Acts dealing only with "good cause," and our act more restrictive in requiring that the "good cause" must be attributable to the employment, a fortiori we are required to deny this appeal.

Appellant's second point, raised first on his appeal to this court, urges upon us that his self-employment from July to November, 1963, must be considered as satisfying the last sentence of Section 15, cited above, whereby his disqualification for the voluntary quit is avoided.

■ The employment there referred to means employment within the terms of the Act, employment where the employer-employee relationship exists, and it is only this employment with which the law deals. *Sun Shipbuilding, supra,* 56 A.2d [7-10] at 260; and *Mississippi, supra,* 171 So.2d [7]-[10] at 499. Chapter 29, Section 3, subd. XI, par. E., R.S.1954 provides that:

> "*E.* Services performed by an individual for remuneration shall be deemed to be employment subject to the provisions of this chapter unless and until it is shown to the satisfaction of the commission that:

> > "*1.* Such individual has been * * free from control or direction over the performance of such services, both under his contract of service and in fact; and

> > "*2.* Such service is either outside the usual course of the business for which such service is performed, or

that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"3. Such individual is customarily engaged in an independently established trade, occupation, profession or business."

A self-employed person,—and this appellant, meets all of the criteria to remove his self-employment service from the definition of "employment" within the Act, and self-employment, though established for the "4 full weeks" will not avoid his disqualification.

Appeal denied.