[No. 51172–1.   En Banc.   August 8, 1985.]

TERESA RAMSDELL, ET AL, *Respondents,* v. NORTH RIVER SCHOOL DISTRICT NO. 200, *Appellant.*

*Craig W. Hanson,* for appellant.

*James M. Brown* (of *Phillips, Brown & Franciscovich*), for respondents.

DOLLIVER, C.J.—The question presented in this case is whether the trial court erred in ordering that plaintiffs be released from the North River School District so they could attend schools within the Cosmopolis School District. *See* RCW 28A.58.240, .242. We hold the trial court erred and we reverse.

Teresa and Bryan Ramsdell currently reside with their parents within the North River School District (North River). In September 1982, Teresa was age 10 and in the fifth grade and Bryan was age 13 and in the eighth grade.

The Ramsdell children attended North River schools until the fall of 1981. Approximately 50 children attend schools in North River, which is a fully certified school district. In 1981, while the Ramsdell children were in attendance, North River had employed, and continues to employ, a remedial reading instructor who is trained in special education.

In 1981 the Ramsdells chose to send their children to

schools in the adjacent Cosmopolis School District (Cosmopolis). To qualify for attending Cosmopolis schools, the children resided with their uncle, a Cosmopolis resident, during the week and returned home for the weekends.

On August 11, 1982, Mr. and Mrs. Ramsdell requested a release for their children from the North River School District so the children could permanently attend schools in Cosmopolis. *See* RCW 28A.58.240, .242. The Ramsdells believed their children were receiving an inadequate education at North River and were receiving a superior one in Cosmopolis schools. In support, they cited the following evidence: As to Teresa, (1) a copy of the standardized California Achievement Test, administered in May 1981 while Teresa was attending school in North River, which states Teresa was below the 50 percentile in all academic areas and was in the bottom 1 percent in reading while in the third grade at North River; (2) a report card from North River stating Teresa was "blossoming in academic work"; (3) a reading room report prepared by a teacher in Cosmopolis stating Teresa was "not at grade level in all areas . . ." As to Bryan, (1) a North River report card awarding him mostly A's and B's and stating that "he is ahead"; (2) Cosmopolis report cards awarding Bryan mostly with C's and D's; and (3) a California Achievement Test result appearing to show that Bryan, on average, was in the 29th percentile.

The Ramsdells also assert they would like their children to attend Cosmopolis schools because they would be exposed to more children in that district. While contending that it would be impractical and financially onerous, Mr. and Mrs. Ramsdell conceded they could, and would, move to Cosmopolis, if necessary.

On August 20, 1982, the Board Secretary of North River denied Mr. and Mrs. Ramsdell's request for a release from North River. The Secretary declared "the Board feels your case does not meet the state or local school guidelines for releases, nor can it be considered a hardship case."

This decision was appealed to the Superintendent of

Public Instruction who affirmed North River's denial of the petition for release. The administrative law judge, whose findings of fact, conclusions of law, and order were adopted by the Superintendent, held that under RCW 28A.58.242 "[t]he existence of an allegedly superior educational program in another school district does not, in and of itself, establish a special hardship or detrimental condition of an educational nature . . ." It was further held that the Ramsdells' financial dilemma arose from their own decision to reside in North River and that there were "no special hardships or detrimental conditions of a financial, safety or health nature that would affect appellants or appellants' immediate family if a release from the resident district were not granted."

The Superior Court reversed the Superintendent, although the court rejected the Ramsdells' "financial hardship" argument. In its memorandum opinion, the court stated that all children, including Teresa and Bryan Ramsdell, were "unique" and, notwithstanding the release statute (RCW 28A.58.242), they should be able to attend the school district which affords them the greatest potential for academic and social growth and development.

The Court of Appeals, Division Two, transferred the case to this court.

Plaintiffs assert the general principle that school districts have the duty to provide, and children have the constitutional right to receive, an ample education. Const. art. 9, § 1. Plaintiffs go on to claim that since the Cosmopolis School District was providing Teresa and Bryan with a better education, by recognizing their academic deficiencies and providing remedial training in connection therewith, there is a state granted constitutional right for Teresa and Bryan to attend Cosmopolis schools. Finally, plaintiffs argue they have proved North River failed to provide a proper education and that this constitutes a detrimental condition which would be alleviated significantly if the children were released to Cosmopolis. See RCW 28A.58.242.

Defendant states it was in compliance with the constitu-

tional mandate requiring it to provide a "basic education". In support, defendant notes North River is a fully certified school district and state law mandates, absent unique circumstances, that children attend schools within their residential districts. Defendant lastly asserts the parents have not met their burden of proving their children would suffer educational detriment in attending North River schools nor have they demonstrated the children were unique, compelling their attendance at Cosmopolis schools.

■ We reject the parents' claim that their children's state constitutional right to an "ample education" has been violated. *See* Const. art. 9, § 1; *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 517, 585 P.2d 71 (1978). The record before this court does not contain evidence amounting to a constitutional deprivation. *Cf. Seattle Sch. Dist. 1,* at 486 (school district financing scheme resulting in deteriorating physical plant, a reduction in budgets for books, supplies, staff and programs). There is no evidence North River needs to hire more teachers or staff; the adequacy of the district's physical facilities is not questioned; and the Ramsdells have not set forth standards by which this court may adjudge that their children's education at North River was constitutionally deficient. While there is some evidence before the court that the Ramsdell children were not "blossoming" in North River schools and were receiving more intensive training at Cosmopolis, we decline, without additional evidence, to transform disparity among school districts into a constitutional violation.

■■ We now turn to plaintiffs' statutory argument. The trial court was required to review the administrative record under the administrative procedure act, RCW 34.04. RCW 28A.58.242. Since the trial court did not conduct hearings on this matter, this court is required to review the record de novo. *Smith v. Skagit Cy.,* 75 Wn.2d 715, 718, 453 P.2d 832 (1969). We must determine, as a factual matter, whether the Ramsdells have demonstrated their children were receiving an education at North River tantamount to a detrimental condition of an educational nature

(RCW 28A.58.242). To do this we apply the "clearly erroneous" standard of review. *Renton Educ. Ass'n v. Public Empl. Relations Comm'n,* 101 Wn.2d 435, 440–41, 680 P.2d 40 (1984) (citing RCW 34.04.130(6)(e) and *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 323–24, 646 P.2d 113, *cert. denied,* 459 U.S. 1106 (1982)). The question is whether, in reviewing the entire record, this court is left with the definite and firm conviction that a mistake has been made. *Ancheta v. Daly,* 77 Wn.2d 255, 461 P.2d 531 (1969).

Our analysis of the record begins with an examination of the statutes governing school attendance. RCW 28A.58.230 creates the general rule that children attend the school district in which they reside:

> Every school district shall admit on a tuition free basis all persons of school age *who reside within this state, and do not reside within another school district carrying the grades for which they are eligible to enroll . . .*

(Italics ours.) RCW 28A.58.240, a stated exception to RCW 28A.58.230, generally provides that school district boards of directors may, in receipt of reasonable compensation, make agreements with nonresident parents for their children to be released to the district's schools. If the school district boards deny this requested release, the parents must appeal to the Superintendent pursuant to RCW 28A.58.242. That statute provides:

> The decision of a school district within which a student under the age of twenty–one years resides or of a school district within which such a student under the age of twenty–one years was last enrolled and is considered to be a resident for attendance purposes by operation of law, to deny such student's request for release to a nonresident school district by an agreement pursuant to RCW 28A.58.240 may be appealed to the superintendent of public instruction or his or her designee: *Provided,* That the school district of proposed transfer is willing to accept the student.
>
> The superintendent of public instruction or his or her designee shall hear the appeal and examine the evidence. *The superintendent of public instruction may order the*

*resident district to release such a student who is under
the age of twenty–one years in the event he or she or his
or her designee finds that a special hardship or detri-
mental condition of a financial, educational, safety or
health nature affecting the student or the student's
immediate family or custodian may likely be signifi-
cantly alleviated as a result of the transfer.* The decision
of the superintendent of public instruction may be
appealed to superior court pursuant to chapter 34.04
RCW, the administrative procedure act, as now or here-
after amended.

(Italics ours.) *See also* WAC 392–137–065 (releases should
be granted only if there is a "special hardship", "detrimen-
tal condition", or "unique need"; enrichment of educational
opportunity alone does not provide reason for release).

■ The first fact plaintiffs cite in requesting a release is
that the children's teachers at Cosmopolis stated the chil-
dren were behind their grade levels and in fact gave them
lower grades, and yet their teachers at North River said
they were doing above average work and had been giving
them high grades. While this evidence may be interpreted
to mean that Cosmopolis has higher grading standards than
North River, this falls short of a conclusion that the educa-
tion of the Ramsdell children at North River was educa-
tionally "detrimental", the only solution for which would be
release to Cosmopolis. To the contrary, the evidence sug-
gests that North River is fully capable of providing the
Ramsdell children with a basic education.

North River is a fully certified school district. The
teacher/student ratio is 1 to 4. North River employs full
time a specialist in remedial reading and special education
who has a master's degree from the University of Washing-
ton. There is neither proof Teresa or Bryan's educational
needs were unique nor that their needs could not practi-
cally be met at North River. Were we to hold disparity
among school districts, without evidence of unique circum-
stances or special need, by itself constituted substantial
evidence a child's education is defective, we would poten-
tially create a statewide school district. Without legislative

directive to the contrary, this we decline to do. *See, e.g.,* WAC 392–137–065 (enrichment of education opportunity alone is not a reason for release).

The next fact on which plaintiffs rely is that the standardized California Achievement Test results showed the Ramsdell children had unusually low scores and this was not recognized and remedied by North River. For several reasons, we place little weight on this evidence. Although in the May 1981 California test Teresa scored in the bottom 1 percentile for reading comprehension, in the October 1981 California test administered at Cosmopolis she scored in the 27th percentile in the same category. Since Teresa did not attend North River schools the fall following her poor performance on the May 1981 California test, we do not know if North River would have provided her with remedial reading instruction. Furthermore, there is no evidence the children would have scored, or did in fact score, better on the California test had they gone to Cosmopolis nor is there evidence on the record as to how students at Cosmopolis performed on the same test. While Teresa's poor performance in the California test is dismaying, we are not persuaded North River cannot rectify Teresa's reading problem.

As to Bryan, the only evidence suggesting he was receiving an inadequate education at North River was that he received poorer grades at Cosmopolis than at North River. As previously noted, without concrete evidence of inadequateness, special need or unique circumstances, we decline to rule that disparity among school districts entitles parents to transfer their children into different school districts.

Based on the statutory mandate that children attend schools within their area of residence and reviewing the record as a whole, we hold the trial court erred in concluding the Ramsdells had proved their children's continued presence at North River would be detrimental to their educational welfare and were thus entitled to be transferred to the Cosmopolis schools. The case is reversed and the order

of the Superintendent of Public Instruction is reinstated.

UTTER, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

BRACHTENBACH, J. (dissenting)—While it is not at all clear, the majority seems to premise its decision upon the notion that enrichment of educational opportunity does not provide a reason for release of a student to another district.

The majority's summary analysis does not go to the heart of the matter. The statute, RCW 28A.58.242, authorizes a release if the superintendent of public instruction finds a "detrimental condition of a[n] . . . educational . . . nature . . ." To say that enrichment of an educational opportunity is to be denied defies the very essence of a detrimental condition of an educational nature. It is an absolute non sequitur to hold that a detrimental educational condition is not solved by providing an educational enrichment. Otherwise stated, the regulation says that we must consider the fact that the student is not receiving an adequate educational experience, but that the student cannot be released to another district which could provide a better educational opportunity because that would be an educational enrichment which the regulations prohibit.

The statute does not contemplate nor authorize such a regulation. Therefore, it is beyond the authority of the adopting agency and cannot serve as the criterion for the superintendent's decisions.

I would affirm the trial court.

ANDERSEN, J., concurs with BRACHTENBACH, J.

Reconsideration denied September 20, 1985.