LYNN WOODLIFF, Appellee, v. THE DEPARTMENT OF LABOR *et al.*, Appellants (The Rockford Company, Defendant).

Second District   No. 84—1060

Opinion filed December 12, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan and Jill Wine-Banks, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Craig Willette, of Prairie State Legal Services, Inc., of Rockford, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendants appeal from a judgment of the circuit court of Winnebago County reversing a decision of the Board of Review of the Illinois Department of Labor denying plaintiff's claim for unemployment insurance benefits. The sole issue on appeal is whether leaving work to become self-employed can be leaving work "[t]o accept other bona fide work" (Ill. Rev. Stat. 1983, ch. 48, par. 431(B)(2)) so as to come within an exception to the rule denying unemployment insurance benefits to an individual who "has left work voluntarily without good cause attributable to the employing unit" (Ill. Rev. Stat. 1983, ch. 48, par. 431(A)). We affirm.

Plaintiff, a carpenter with 18 years of experience, worked for defendant The Rockford Company beginning January 5, 1981. In June of 1981 when it was apparent The Rockford Company was going to lay off a carpenter, plaintiff volunteered. While laid off he earned $1,500 as a self-employed carpenter. After returning, plaintiff remained employed by The Rockford Company until June of 1982, when he quit to become a self-employed carpenter. Initially plaintiff did well, earning $1,160 for the balance of June, $1,442 in July and $925 in August. In September he earned $704 and on October 12, 1982, he applied for unemployment insurance benefits, indicating his last day of work was October 1, 1982.

The Unemployment Insurance Act provides that "[a]n individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit." (Ill. Rev. Stat. 1983, ch. 48, par. 431(A).) There are exceptions to this provision, as it does "not apply to an individual who has left work voluntarily" for any of several enumerated reasons. (Ill. Rev. Stat. 1983, ch. 48, par. 431(B).) One of these exceptions applies when an individual leaves work voluntarily "[t]o accept other bona fide work and, after such acceptance, the individual is either not unemployed in each of 2 weeks, or earns remuneration for such work equal to at least twice his current weekly benefit amount." (Ill. Rev. Stat. 1983, ch. 48, par. 431(B)(2).) The issue in this case is whether plaintiff's leaving work to become a self-employed carpenter was a leaving to "accept other bona fide work."

None of the terms in the phrase "accept other bona fide work" is defined in the statute. Consequently, "it is assumed that words used in the statute were intended to have their ordinary and popularly understood meaning." (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 137, 398 N.E.2d 823, 827.) It is often helpful to refer to dictionary definitions when seeking to ascertain the ordinary and pop-

ularly understood meaning of words used in a statute. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 137, 398 N.E.2d 823, 827.) This certainly is true in the case at bar.

In the sense in which the word is used in the statute, "work" is "the labor, task or duty that affords one his accustomed means of livelihood." (Webster's Third International Dictionary 2634 (1981).) In discussing the relationship of the word "work" to several synonyms (*i.e.*, occupation, employment, business, calling) it is noted that "[work] is the general term with less specific connotation and wider application than others in this series; *** [employment] is likely to center attention on an employer-employee relationship and imply an agreement or contract about wages or working conditions." (Webster's Third New International Dictionary 2634 (1981).) From the foregoing definition of "work" and discussion of its relationship to several synonyms, it is apparent that "work" need not involve an employer-employee relationship and may be self-employment.

That the work be "bona fide" does not eliminate self-employment from the scope of the statutory provision being construed. It simply means that the work accepted must be genuine and not specious or counterfeit. (Webster's Third New International Dictionary 250 (1981).) The requirement that the work be *bona fide* is a safeguard against individuals who might leave to accept other work, whether from an employer or as a self-employed person, which is a sham. There can be no question in the case at bar that the other work plaintiff left for was genuine. He left to become self employed in the kind of work he had been doing for many years. Moreover, he had tried self-employment during a layoff a year prior to his leaving and had been successful. Finally, after leaving plaintiff was successful at his self-employment for about three months. These facts are all strong evidence that the work plaintiff left for was *bona fide*.

Defendant argues that the words "accept" and "acceptance" in the statute require an employer-employee relationship. As used in the statute, "accept" means to "undertake the responsibility of (as a task or employment)" (Webster's Third New International Dictionary 11 (1981). Defendant would limit the word to accepting a position with another employer. However, as used in the statute the acceptance referred to may also be of the individual tasks undertaken by a self-employed person for the people who hire that person (*e.g.*, the carpentry jobs plaintiff accepted and performed while self-employed).

■ Finally, if the legislature had intended to limit "accept other bona fide work" to situations involving an employer-employee relationship it could have done so very easily. It could have required that

the work be "for an employer other than the individual applying for benefits." Even more simply, the legislature could have used the word "employment" rather than "work," since the statute defines "employment" to require an employer-employee relationship. (Ill. Rev. Stat. 1983, ch. 48, par. 316.) The legislature's failure to draft the statute in such a fashion is a further indication that the statutory exception at issue includes self-employment such as plaintiff's.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

NASH, P.J., and REINHARD, J., concur.