[No. 52574-9. En Banc. September 25, 1986.]

SARA FRAZIER, ET AL, *Respondents,* v. THE SUPERINTENDENT OF PUBLIC INSTRUCTION, *Defendant,* MONROE SCHOOL DISTRICT 103, *Appellant.*

*Anderson, Hunter, Dewell, Baker & Collins, P.S.,* G. *Douglas Ferguson,* and *Bradford N. Cattle,* for appellant.

*Raaen & Dionne,* by *James J. Dionne,* for respondents.

BRACHTENBACH, J.—This case arises from a denial by the Superintendent of Public Instruction (SPI) of a requested transfer from a resident to a nonresident school district. A single issue is presented: Did the SPI err in finding insufficient the safety, education, and health conditions submitted as the basis for the transfer?

We hold that detrimental conditions offered as grounds for a student transfer request must actually exist and must be likely to be significantly alleviated by a transfer. Finding no error in the SPI's conclusion that these requisites were not met, we reverse the trial court and reinstate the findings and order of the SPI.

The parents of Sara Frazier applied to the Monroe School District, their resident school district, for Sara's release to Snohomish School District. The Fraziers' application to the Monroe School District listed four reasons for the transfer request: (1) the family lived on the boundary line; (2) their community activities were centered in Snohomish County; (3) Snohomish schools offered better education and more discipline; (4) parents were ready, willing, and able to pay Snohomish County tuition. After considering the Fraziers' application at a hearing, the Monroe School District denied Sara's release.

Pursuant to RCW 28A.58.242, the Fraziers appealed the denial to the SPI, who, through an administrative law judge (ALJ), conducted a hearing. At the appeal hearing the Fraziers presented evidence of allegedly adverse safety and education conditions as grounds for Sara's release. They also offered evidence that Mrs. Frazier suffers from crohn's disease, a chronic disease of the bowel which is exacerbated by stress. The Fraziers argued that crohn's disease constituted a detrimental health condition which would be significantly alleviated by Sara's release to Snohomish School

District.

The ALJ found insufficient evidence to support Mrs. Frazier's perceptions of safety problems and inferior educational opportunities in the Monroe School District. He also found that it could not be determined that symptoms of Mrs. Frazier's crohn's disease were likely to be significantly alleviated by a transfer. Accordingly, he proposed denial of the transfer request.

The SPI adopted the proposed findings, conclusions, and order of the ALJ, and denied the request. The Fraziers appealed the SPI's denial to Thurston County Superior Court, which reversed the SPI. The SPI appealed to the Court of Appeals, and the case was transferred to this court.

The office of the SPI is an administrative agency of the State of Washington. Review of a decision of such agency is governed by the administrative procedure act, RCW 34.04. Subsection (6) of RCW 34.04.130 establishes the appropriate standard of review. *Renton Educ. Ass'n v. Public Empl. Relations Comm'n,* 101 Wn.2d 435, 680 P.2d 40 (1984). Where questions of fact are to be reviewed, the proper standard is "clearly erroneous". *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983); *Ramsdell v. North River Sch. Dist. 200,* 104 Wn.2d 264, 269, 704 P.2d 606 (1985). Questions of law are to be reviewed under the "error of law" standard, whereby the court may substitute its judgment for that of the administrative body. *Franklin Cy.,* at 325. Mixed questions of law and fact, meaning "the law as applied to those facts", require the court to independently determine the correct law and apply it to facts as found by the agency and upheld by this court. *Franklin Cy.,* at 329–30; *Renton Educ. Ass'n,* at 441; *Crane v. Stanwood Sch. Dist.,* 41 Wn. App. 707, 715, 705 P.2d 1236 (1985). *See also Clarke v. Shoreline Sch. Dist. 412,* 106 Wn.2d 102, 109–10, 720 P.2d 793 (1986).

This case presents a mixed question of law and fact. Here the SPI essentially made two ultimate determinations. He

concluded that the alleged adverse safety and education conditions were nonexistent, and that nonexistent conditions are insufficient for a transfer under RCW 28A.58.242. He further determined that the health condition existed and was exacerbated by stress; however, it was not likely to be significantly alleviated, as required by RCW 28A.58.242, by a transfer. These determinations are the result of the SPI's application of law to facts. Accordingly, we must decide if the SPI was clearly erroneous in regard to the facts and then must engage in independent review to decide if the SPI was in error in regard to the law. As we proceed, we give great deference to the facts as found by the SPI. *See Clarke v. Shoreline Sch. Dist. 412, supra* at 111. In addition, we accord substantial weight to the agency's view of the law. *See Clark v. Horse Racing Comm'n,* 106 Wn.2d 84, 88, 720 P.2d 831 (1986).

The law governing student transfers is found in RCW 28A.58. Generally, students may transfer among districts subject to agreement of the districts involved. However, unless transfer arrangements are approved by the SPI, tuition must be paid by such students. RCW 28A.58.240.

If an agreement between districts is not reached because the resident school district refuses to release a student to a nonresident district, the denial may be appealed to the SPI. RCW 28A.58.242. In determining whether a student should be released, the SPI may order such release

> in the event he or she or his or her designee finds that a special hardship or detrimental condition of a financial, educational, safety or health nature affecting the student or the student's immediate family or custodian may likely be significantly alleviated as a result of the transfer.

RCW 28A.58.242.

In addition to the above statutory provisions regarding student transfers, additional rules and regulations have been promulgated by the SPI pursuant to statutory authority. *See* RCW 34.04.020(1); RCW 28A.03.030(3). These implementing regulations are found in WAC 392–

137. Specifically, WAC 392–137–065 sets forth grounds for an order of release. It provides, in part:

> It shall be the policy of the superintendent of public instruction to order the release of a student to a nonresident district only in those cases in which the evidence establishes:
>
> (a) That a special hardship or detrimental condition . . . *exists; and*
>
> (b) That such special hardship or detrimental condition is *likely to be alleviated* to a significant extent in the event the student's release is ordered.

(Italics ours.) WAC 392–137–065(1). Under this language, adverse conditions, to warrant a transfer, must satisfy a 2–prong test: (1) the conditions must exist and (2) they must be likely to be alleviated to a significant extent by a transfer. We find no error of law in the SPI's determination that both of these prongs must be satisfied if a release is to be ordered.

With regard to the alleged detrimental safety and health conditions, the SPI found that the first prong was not met because the conditions do not exist. The evidence presented at the hearing before the ALJ supports the SPI's findings. At the hearing, Mrs. Frazier said she had "heard" of a large number of school bus accidents, or "heard" that there were many discipline problems in Monroe schools, or "heard" that Snohomish teachers were better. However, few attempts were made to substantiate these allegations. The only evidence presented of disparity between the two districts was a local newspaper article featuring the test scores of fourth graders who took a standardized achievement test. Although the Monroe School District students scored somewhat lower than Snohomish School District students, the scores in both districts were comparable to those of other western Washington districts. Under these facts, we conclude that the SPI's finding of nonexistent adverse safety and education conditions was not clearly erroneous.

With respect to the health condition involving crohn's disease, the SPI concluded such condition did not provide grounds for a transfer because the second prong of the test

was not met. He found the first prong was satisfied, in that there was no question regarding the *existence* of crohn's disease. However, he determined there was insufficient evidence of a likelihood that the symptoms of Mrs. Frazier's disease would be significantly alleviated as a result of Sara's release to Snohomish School District.

It is clear that Mrs. Frazier's symptoms are exacerbated by stress. She attributes much of her stress to conditions in the Monroe School District which she believes to be unsatisfactory. However, it has been established that there is no objective basis for her beliefs and that such unsatisfactory conditions in fact do not exist in that district. If conditions are not unsatisfactory, it follows that they are satisfactory. It is then illogical to attribute the stress in this case to those satisfactory conditions and equally illogical to expect Mrs. Frazier's stress to abate upon an exchange of satisfactory Monroe conditions for satisfactory Snohomish conditions. It follows that her stress–induced symptoms are not likely to be alleviated to a significant extent by her daughter's transfer. Thus, the second prong of the test of RCW 28A.58.242 and WAC 392–137–065 is not met.

While we are not unsympathetic to the severity of crohn's disease symptoms, we are nonetheless compelled to find that the SPI, in determining that Mrs. Frazier's symptoms were not likely to be alleviated by her child's transfer, was not clearly erroneous.

We reverse the trial court and reinstate the findings, conclusions, and judgment of the SPI.

DOLLIVER, C.J., and UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.