[No. 16373-6-I. Division One. March 16, 1987.]

ALBERT A. BAJOCICH, *Appellant*, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent*.

*Nancy Sorensen,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Sells, Assistant,* for respondent.

REVELLE, J.*—Albert S. Bajocich appeals the order of the trial court affirming the decision of the Commissioner of the Department of Employment Security denying unemployment compensation.

Bajocich had been a good employee of Todd Shipyards off and on since 1967. He had a good work record with the company. He quit Todd in April 1981 and in October 1981 after returning from approximately 5 weeks of commercial fishing, Bajocich applied for unemployment compensation. In his statement to the Department, Bajocich said he quit to fish in Alaska. The fishing job was self–employment. Benefits were denied because of his voluntary departure from his job without good cause. He appealed to the proper Employment Security hearing tribunal. His reasons for leaving Todd did not change at the hearing. Due to an equipment malfunction the first hearing was improperly recorded. A second administrative appeal was held. At this de novo hearing Bajocich contended for the first time that he quit his job with Todd for personal health reasons. Specifically, he had a heart murmur and, more importantly, a bladder problem which required him to rest and take 15–minute breaks every 2 hours to void. These breaks were more than Bajocich felt was allowable by Todd. There was no direct evidence from his urologist, nor any testimony concerning any communication with his employer about this medical problem.

Bajocich claims the fishing job was a good solution for his

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

medical problems. The job was supervisory in nature, and as he owned the boat, he could rest when it was needed. The necessary rest periods and voiding would not be a problem.

The second de novo hearing was assigned to the same administrative law judge that heard the first. Upon rehearing, benefits were again denied. This was affirmed by the Commissioner and upon appeal, by the superior court.

The sole issue before this court is whether the Commissioner was arbitrary or capricious, clearly erroneous, or in error of law in reaching the conclusion that Bajocich voluntarily quit his job without good cause, thus disqualifying him from unemployment compensation benefits. *See* RCW 34.04.130.

Appellant Bajocich recognizes this standard of review and urges this court to reverse because he believes the administrative law judge improperly considered evidence other than that which was presented at the second hearing by recalling what occurred at the first hearing.

Even though it is arguable that the better exercise of discretion might have been to assign the second hearing to a different hearing officer, the evidence from the written records introduced at the second hearing showed little evidence of a just medical reason for quitting. Any hearing officer assigned the second hearing would have known the reason for the original denial, as Bajocich's "quitting to fish" was his only reason up until the second hearing. In the record before the hearing officer there was ample evidence indicating Bajocich quit to go fishing and to make more money. There is little substantial medical evidence that the medical reason was the main reason, or the justification for him to quit.

Where administrative findings of fact are to be reviewed by the court, the proper standard of review to be applied is whether the findings are "clearly erroneous." *Frazier v. Superintendent of Pub. Instruction,* 106 Wn.2d 754, 756, 725 P.2d 619 (1986). The hearing officer, having been able to hear the testimony and observe the witnesses,

is in the best position to weigh the testimony and make findings as to its credibility. *Peterson v. Department of Labor & Indus.,* 22 Wn.2d 647, 157 P.2d 298 (1945).

We agree with the findings that Bajocich failed to prove a valid medical reason for quitting. Further Bajocich failed to comply with the Washington Administrative Code section (WAC 192–16–013) which requires the establishment of good cause to leave for medical reasons. Mr. Bajocich had the duty to exhaust all reasonable alternatives prior to termination. This he did not do. Although he did know of Todd's policy of not granting leaves of absence, he in no way proved he asked for a transfer, or for dispensation to take the necessary breaks.

The decision of the trial court is affirmed.

DURHAM and NOE, JJ. Pro Tem., concur.