[No. 27569-1-I.   Division One.   January 21, 1992.]

CHELSEA G. FISHER, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

*William B. Knowles,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Geoffrey G. Jones, Assistant,* for respondent.

BAKER, J. — Chelsea G. Fisher appeals the superior court judgment affirming a final decision of the Commissioner of the Employment Security Department (Commissioner). He alleges the Commissioner erred in ruling that quitting a job for the purpose of entering into self-employment does not constitute "good cause" for quitting within the meaning of RCW 50.20.050(1) and (2). We affirm.

## I

The facts in this case are not in dispute. Until he left his employment on June 23, 1989, Fisher had worked for M.A. Segale, Inc., for nearly 20 years. During much of that time, defendant was also a licensed commercial fisherman and owned a salmon trolling boat which he operated mostly on weekends. He had planned to retire in 6 years and supplement his retirement income by working as a commercial fisherman. However, he learned from the Internal Revenue Service that he would no longer be eligible for a tax deduction for his boat expenses unless he showed a profit from fishing. Believing he would need to fish for a substantial period during the summer in order to show a profit and keep his boat, Fisher requested a 30-day leave of absence from his job. When the request was denied, he quit the job and fished until fishing season ended on October 31, 1989. He applied for unemployment benefits 2 months later.

The Employment Security Department (Department) denied Fisher's claim on the ground that he had left work without good cause. An administrative law judge affirmed the Department's determination, citing a longstanding decisional rule that quitting a job to enter self-employment does not constitute "good cause" within the meaning of RCW 50.20.050. The Commissioner affirmed the denial of benefits, and Fisher appealed to superior court.

The court concluded that the Department had offered no compelling reason for distinguishing between leaving employment to enter into covered employment and leaving to enter into self-employment, and that such a distinction was not rationally related to the objectives of the statute. Nevertheless, the court deferred to the Department's interpretation of the statute because of the Legislature's longstanding acquiescence to that interpretation.

## II

This court reviews the final decision of an administrative agency on the administrative record, without regard to the findings of fact or conclusions of law entered

by the superior court. *Durham v. Department of Empl. Sec.*, 31 Wn. App. 675, 676, 644 P.2d 154 (1982). One of the grounds upon which an order in an adjudicative proceeding may be overturned is that "[t]he agency has erroneously interpreted or applied the law[.]" RCW 34.05.570(3)(d). In reviewing an issue of law, the reviewing court essentially substitutes its judgment for that of the administrative agency, though substantial weight is accorded the agency's view. *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983).

The only issue presented in this case is one of law, and thus review is de novo. At issue is the correctness of the Department's interpretation of RCW 50.20.050,[1] which disqualifies an individual from benefits if he or she has left work voluntarily without good cause.[2] Good cause for quitting a job is generally limited to factors connected with the work itself, but may also be established where an individual *"has left work to accept a bona fide offer of bona fide work"*. (Italics ours.) RCW 50.20.050(2)(a). In determining whether the work accepted is of a bona fide nature, the Commissioner must consider factors including, but not limited to: the duration of the work; the extent of direction and control by the employer; and the level of skill required for the work in light of the individual's training and experience. RCW 50.20.050(1). If an individual is disqualified from benefits under this statute, he or she may purge the disqualification by obtaining bona fide work and earning wages of not less

---

[1]The statute is not quoted here because it is quite lengthy and cannot properly be excerpted. Instead, the relevant parts of the statute are discussed in the text.

[2]This appears to be an issue of first impression in Washington. In *Bajocich v. Department of Empl. Sec.*, 48 Wn. App. 45, 739 P.2d 1155 (1987), a claimant who voluntarily left employment testified at his first hearing that he quit in order to become a self-employed fisherman. At a second hearing, which was held because the first had been improperly recorded, the claimant testified that he quit for health reasons. While the court noted that after the first hearing "[b]enefits were denied because of his voluntary departure from his job without good cause", *Bajocich*, 48 Wn. App. at 46, the only issue on review was whether the claimant proved he had valid medical reasons for quitting.

than his or her suspended weekly benefit amount in each of 5 calendar weeks. RCW 50.20.050(1).

Appellant argues that since "work" within the meaning of RCW 50.20.050(2)(a) includes self-employment, quitting to pursue self-employment is not quitting without good cause. The Department, on the other hand, interprets the statute to mean that one who quits a job to enter self-employment has quit without good cause and is therefore disqualified. *See In re Noble*, Dep't of Empl. Sec. Comm'rs Dec. 345 (1957);[3] *In re Lewis*, Dep't of Empl. Sec. Comm'rs Dec. (2d) 563 (1979). The Department defends its interpretation as based on the preamble to the Employment Security Act (Act), which states, in pertinent part, that benefits are for "persons unemployed through no fault of their own". RCW 50.01.010. However, the Department overlooks RCW 50.20.050(2)(a), which qualifies leaving "work voluntarily without good cause" by excluding a situation where one voluntarily leaves employment to pursue other bona fide work. Appellant is no more at fault in bringing about his unemployment than is a person who quits one job to accept another and later becomes unemployed because the job terminates.

---

[3]Appellant argues that *In re Noble*, *supra*, set forth this rule only in dictum and that it misstated the holding of a prior Commissioner's decision, *In re Bell*, Dep't of Empl. Sec. Comm'rs Dec. 289 (1956). The rule at issue here is set forth in conclusion 3 of *Noble*, which is not dictum, but is essential to the decision. In conclusion 2, the Commissioner does misstate the holding of *Bell*, but this misstatement does not affect the validity of the separate holding in conclusion 3.

Appellant also argues that the decision in *Othello Comm'ty Hosp. v. Department of Empl. Sec.*, 52 Wn. App. 592, 762 P.2d 1149 (1988), *review denied*, 112 Wn.2d 1018 (1989) somehow undermines the rule established in *Noble*. This is not so. In *Othello Comm'ty Hosp. v. Department of Empl. Sec.*, *supra*, the court overturned the Department's "last employer" rule as it applied to disqualifications due to commission of a felony or gross misdemeanor, RCW 50.20.060(2). Conclusion 2 in *Noble* did involve a "last employer" determination, but the context was a potential disqualification due to a voluntary quit under RCW 50.20.050, a different statute that is unaffected by the decision in *Othello Comm'ty Hosp.* In any event, conclusion 2 of *Noble* is not at issue here.

The Department also relies on the preamble to argue that the Act was not intended to provide a safety net for those who leave employment to pursue their own business ventures. This proposition is correct to the extent that self-employment is not "employment" under the Act and no benefits will arise due to work performed while self-employed. *See* RCW 50.04.140. However, the Department's broader assertion finds no support in the preamble.

The Department's argument does find support in some cases from other jurisdictions. *See Sun Shipbuilding & Dry Dock Co. v. Unemployment Comp. Bd. of Review*, 358 Pa. 224, 235, 56 A.2d 254, 260 (1948) ("[t]he law does not make Pennsylvania employers the insurers to any extent whatsoever of the private ventures of their employes"); *accord, Mississippi Empl. Sec. Comm'n v. Medlin*, 252 Miss. 146, 152, 171 So. 2d 496, 499 (1965); *Ham v. Maine Empl. Sec. Comm'n*, 216 A.2d 866, 868 (Me. 1966). However, none of the statutes interpreted in these cases appears to contain an exception similar to RCW 50.20.050(2)(a) for persons who quit to pursue other bona fide work.

The only case on this issue we have found that discusses a similar statutory exception is *Woodliff v. Department of Labor*, 139 Ill. App. 3d 539, 487 N.E.2d 645 (1985), where the statute provided that one who leaves work voluntarily " '[t]o accept other bona fide work" has not left without good cause. *Woodliff*, at 540. The court in *Woodliff* held the claimant was not disqualified from benefits, reasoning that the term "work" in the statute had a broader meaning than employment, and did not require an employer-employee relationship. The court also reasoned that the term to "accept" other bona fide work did not require an employer-employee relationship, because a self-employed individual may be said to "accept" the jobs he or she undertakes to perform for other persons (*e.g.*, the carpentry jobs accepted by the plaintiff in *Woodliff*, a self-employed carpenter).

The second basis for the *Woodliff* holding is inapplicable to the facts presented here: appellant did not "accept" jobs

and perform them for other persons, but rather worked independently in his vocation as a fisherman. (There is nothing in the record to substantiate counsel's suggestion at oral argument that appellant had some kind of a contractual arrangement to provide fish for a buyer.) In addition, the Washington statute uses the term "offer" as well as "accept", creating a stronger implication of a 2-party relationship than the term "accept" standing alone.

In summary, cases from other jurisdictions offer only limited assistance in resolving the case at bar.

■ More persuasive is the Department's argument that two provisions within RCW 50.20.050 are inconsistent with appellant's view that "work" within subsection (2)(a) of that statute includes self-employment. First, the phrase "to accept a bona fide offer of bona fide work" in subsection (2)(a) implies the existence of an employment relationship between two persons. Second, one of the factors that must be considered in determining whether work is "bona fide" is "[t]he extent of direction and control by the employer over the work". RCW 50.20.050(1)(b). This, too, implies the existence of an employment relationship between two persons.

Appellant seeks to avoid this conclusion, pointing out that a different disqualification statute — RCW 50.20.080, concerning disqualification for refusal to work — includes self-employment among the kinds of work that must be performed, if the Commissioner so directs, in order to avoid disqualification.[4] Appellant reasons that this definition of work as including self-employment should be imported into the statute at issue here, RCW 50.20.050. While appellant's argument might have some persuasive value standing

---

[4]RCW 50.20.080 provides:

"**Disqualification for refusal to work.** An individual is disqualified for benefits, if the commissioner finds that he has failed without good cause, either to apply for available, suitable work when so directed by the employment office or the commissioner, or to accept suitable work when offered him, *or to return to his customary self-employment (if any) when so directed by the commissioner.* Such disqualification shall continue until he has obtained work and earned wages therefor of not less than his suspended weekly benefit amount in each of five weeks." (Italics ours.)

alone, it fails in the face of the contrary language in RCW 50.20.050 itself.

Appellant also points out that benefits are available to individuals who leave covered employment to accept other employment which, like self-employment, is not covered by the Act.[5] From this, appellant makes the argument that as a matter of policy, there is no reason to distinguish between leaving a job to enter other employment and leaving a job to enter self-employment. However, we cannot ignore the statutory language mandating the distinction. Appellant's policy arguments are more appropriately addressed to the Legislature.

The decision of the Commissioner is affirmed.

WEBSTER, A.C.J., and PEKELIS, J., concur.

---

[5]There are a number of types of work which involve 2-party employment situations but are not considered "employment" within the meaning of the Act. *See* RCW 50.04.150 (student agricultural labor); RCW 50.04.160 (domestic employment); RCW 50.04.165 (corporate officers); RCW 50.04.180 (family employment); RCW 50.04.240 (newspaper delivery); RCW 50.04.270 (casual labor). Although no benefits will arise due to such employment, an individual who has quit covered employment to accept such a position is not disqualified thereafter from receiving benefits for which he or she qualified during the period of covered employment, as appellant is here.